COMMONWEALTH of Pennsylvania

v.

Michael GREENE, Appellant.

Superior Court of Pennsylvania.

Argued Nov. 18, 2010.

Filed July 20, 2011.

Terrence J. McDonald, Moosic, for appellant.

Maryann J. Grippo, Assistant District Attorney, and Corey J. Kolcharno, Assistant District Attorney, Scranton, for Commonwealth, appellee.

BEFORE: FORD ELLIOTT, P.J., MUSMANNO, BENDER, BOWES, DONOHUE, SHOGAN, ALLEN, OLSON, and OTT, JJ.

OPINION BY BOWES, J.:

Michael Greene appeals from the judgment of sentence of life imprisonment imposed by the trial court pursuant to Pennsylvania's recidivist statute, 42 Pa. C.S. § 9714, after his convictions of aggravated assault and simple assault. After careful review, we hold that the trial court erred in concluding that two prior Massachusetts convictions were substantially equivalent to this Commonwealth's statutorily defined crimes of violence. Accordingly, we vacate Appellant's judgment of sentence and remand for resentencing.

The pertinent factual and procedural background of this case is as follows. A jury convicted Appellant of aggravated assault and simple assault after he brutally attacked his girlfriend. Thereafter, the trial court sentenced Appellant to life imprisonment under 42 Pa.C.S. § 9714 due to Appellant's convictions in Massachusetts. Appellant appealed, and this Court remanded for resentencing because the record did not reflect which of Appellant's thirty-three convictions in Massachusetts the trial court utilized as Appellant's two prior crimes of violence. Appellant petitioned for allowance of appeal, which our Supreme Court denied.

Subsequently, the sentencing court conducted a hearing on the relevant issue and again sentenced Appellant to life imprisonment, concluding that a 1977 conviction for unarmed robbery and a 1985 conviction for simple assault with intent to commit robbery were substantially equivalent to Pennsylvania's robbery crimes of violence. Appellant filed a timely post-sentence motion, which the court denied. This appeal ensued.

The sentencing court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement, but it did author an opinion in support of its sentencing order. A divided panel of this Court reversed the judgment of sentence and remanded for resentencing. The Commonwealth requested and was granted *en banc* review. Appellant now raises three issues for our consideration.

1. Whether the sentencing court committed an error of law in finding that the Massachusetts statutes under M.G.L.A. 265 § 19 and M.G.L.A. [265] § 20 were substantially similar to subsection § 3701(a)(1)(i), (ii), and (iii) Pennsylvania's Robbery Statute thereby making the sentence issued under 42 Pa.C.S.A. § 9714 illegal[?]

2. Whether sentencing Appellant to life in prison without the [possibility of] parole was an illegal sentence and/or violated his Fifth, Sixth and Fourteenth Amendment Rights under the United States Constitution and Article I Section Six and Nine of the Pennsylvania Constitution because the decision was based upon a factual determination made by the trial court instead of a jury[?]

3. Whether the sentencing court committed an abuse of discretion in determining that twenty five years of total confinement was insufficient to protect the public safety since it only considered Appellant's prior record and failed to consider other relevant and important factors such as age and his attempts at betterment[?]

Appellant's brief at 3.

Appellant's initial contention is that the sentencing court erred in concluding that the Massachusetts crimes of unarmed robbery and simple assault with intent to rob are substantially equivalent to Pennsylvania's robbery crimes of violence. According to our three strikes recidivist statute, a court may sentence an individual to life imprisonment if he has previously been convicted of at least two crimes of violence arising from separate criminal transactions and the court determines that twenty-five years of total confinement is insufficient to protect the public. 42 Pa.C.S. § 9714(a)(2). Where the prior convictions arise from a crime committed outside of Pennsylvania, the convictions are considered a crime of violence if they are equivalent to one of the Pennsylvania statutorily-delineated crimes of violence. *See* 42 Pa. C.S. § 9714(g). Those crimes include:

murder of the third degree, voluntary manslaughter, aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) or (2) (relating to aggravated assault), rape,

involuntary deviate sexual intercourse, aggravated indecent assault, incest, sexual assault, arson as defined in 18 Pa. C.S. § 3301(a) (relating to arson and related offenses), kidnapping, burglary of a structure adapted for overnight accommodation in which at the time of the offense any person is present, robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery), or robbery of a motor vehicle, or criminal attempt, criminal conspiracy or criminal solicitation to commit murder or any of the offenses listed above[.]

42 Pa.C.S. § 9714(g). Thus, the Pennsylvania recidivist statute is specifically targeted to encompass a narrow set of inherently dangerous criminal behaviors, and both directs and limits a sentencing court's inquiry. *See Commonwealth v. Northrip,* 603 Pa. 544, 985 A.2d 734, 741 (2009). This Court, therefore, must focus on the elements of the crimes of which Appellant was convicted in Massachusetts and determine whether those crimes are substantially equivalent to a crime of violence in our recidivist statute.

■■■ "The issue before us is one of statutory construction that implicates the legality of the sentence imposed. As a result, our standard of review is *de novo* and the scope of our review is plenary." *Id.* at 736. Further, we are required to strictly construe criminal statutes. 1 Pa. C.S. § 1928(b)(1); *Commonwealth v. McClintic,* 589 Pa. 465, 909 A.2d 1241 (2006). Any doubt as to a criminal statute's meaning is to be resolved in favor of the defendant. *Commonwealth v. Graham,* 9 A.3d 196, 202 n. 13 (Pa.2010). In *Northrip,* our Supreme Court was faced with determining whether a New York arson statute was substantially equivalent to our arson statute. Therein, the Court stated:

In determining whether a foreign state's statute is equivalent to a Pennsylvania crime under Section 9714, we hold that the sentencing court is to apply the test this Court articulated in *Shaw.* Thus, the court must consider "the elements of the foreign offense in terms of classification of the conduct proscribed, its definition of the offense, and the requirements for culpability." *[Commonwealth v.] Shaw,* 744 A.2d at 743 (citation omitted). With respect to the underlying policy of the statutes, we hold that analysis of policy considerations is appropriate, though not controlling.

*Id.* As noted in *Shaw, supra,* and quoted with approval by the *Northrip* Court,

the court may want to discern whether the crime is *malum in se* or *malum prohibitum,* or whether the crime is inchoate or specific. If it is a specific crime, the court may look to the subject matter sought to be protected by the statute, *e.g.,* protection of the person or protection of the property. It will also be necessary to examine the definition of the conduct or activity proscribed. In doing so, the court should identify the requisite elements of the crime—the *actus reus* and *mens rea*—which form the basis of liability.

Having identified these elements of the foreign offense, the court should next turn its attention to the Pennsylvania Crimes Code for the purpose of determining the equivalent Pennsylvania offense. An equivalent offense is that which is substantially identical in nature and definition [to] the out-of-state or federal offense when compared [to the] Pennsylvania offense.

*Shaw, supra* at 743 (brackets in original); *Northrip, supra* at 738.

The critical issue in this case is whether both the Massachusetts unarmed robbery statute and simple assault with intent to

commit robbery statute are substantially equivalent to the three sections of the Pennsylvania robbery statute that are considered crimes of violence. Only if both of the Massachusetts crimes are considered crimes of violence could the trial court have lawfully sentenced Appellant to life imprisonment.

A studied review of Massachusetts case law makes evident that neither of these statutes is substantially similar to a Pennsylvania crime of violence; therefore, the sentencing court erred in concluding that Appellant was subject to punishment under the three strikes statute. Indeed, neither Massachusetts crime necessitates anything that resembles causing or threatening **serious bodily injury,** the crucial elements of the Pennsylvania robbery statute, for purposes of being a crime of violence. The first three provisions of our robbery statute are first degree felonies and crimes of violence pursuant to § 9714. Thus, we outline these three crimes.

### § 3701. Robbery

**(a) Offense defined.—**

(1) A person is guilty of robbery if, in the course of committing a theft, he:

(i) inflicts serious bodily injury upon another;

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;

(iii) commits or threatens immediately to commit any felony of the first or second degree;

18 Pa.C.S. § 3701(a)(1)(i)-(iii).

The following types of robbery are not crimes of violence:

(1) A person is guilty of robbery if, in the course of committing a theft, he:

. . . .

(iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury;

(v) physically takes or removes property from the person of another by force however slight; or

(vi) takes or removes the money of a financial institution without the permission of the financial institution by making a demand of an employee of the financial institution orally or in writing with the intent to deprive the financial institution thereof.

18 Pa.C.S. § 3701(a)(iv)-(vi).

The applicable Massachusetts statutes provide:

**§ 19. Robbery by unarmed person; punishment; victim sixty or older; minimum sentence for repeat offenders**

. . . .

(b) Whoever, not being armed with a dangerous weapon, by force and violence, or by assault and putting in fear, robs, steals or takes from the person of another, or from his immediate control, money or other property which may be the subject of larceny, shall be punished by imprisonment in the state prison for life or for any term of years.

M.G.L.A. 265 § 19(b).

**§ 20. Simple assault; intent to rob or steal; punishment**

Whoever, not being armed with a dangerous weapon, assaults another with force and violence and with intent to rob or steal shall be punished by imprisonment in the state prison for not more than ten years.

M.G.L.A. 265 § 20. Both Massachusetts crimes are classified as felonies without gradation; however, the simple assault provision is the equivalent of a felony of the second degree in Pennsylvania since its maximum sentence is ten years.

Appellant first argues that because the Massachusetts unarmed robbery statute utilizes the word "or" to separate the phrase "force and violence" from "by assault and putting in fear," that statute allows an individual to be convicted of a robbery without violence. In contrast, Appellant contends that the Pennsylvania robbery statute requires either a threat of serious bodily injury or serious bodily injury to occur, or a threat to commit or the actual committing of a first or second-degree felony. Since the Massachusetts unarmed robbery statute does not require serious bodily injury or a threat to commit serious bodily injury, Appellant argues that the statutes are not substantially similar. With regard to the Massachusetts crime of simple assault with intent to rob, Appellant reasons that the term "assaults another with force and violence" pursuant to Massachusetts case law includes "force however slight," and therefore comes within the parameters of the nonviolent portions of the Pennsylvania robbery statute.

The Commonwealth counters that the applicable Massachusetts unarmed robbery statute implicitly includes the element of serious bodily harm, and thus, is substantially similar to the sections of the Pennsylvania robbery statute that constitute crimes of violence. Indeed, the Commonwealth goes so far as to state that it is irrelevant to our determination that the Massachusetts law did not include serious bodily injury as an element. This demonstrates a complete misperception of the meaning of relevance, since that fact is, of course, highly relevant.

In leveling its argument, the Commonwealth cites to *Commonwealth v. Taylor*, 831 A.2d 661 (Pa.Super.2003), and argues that the federal statute interpreted in *Taylor* is analogous to the Massachusetts unarmed robbery statute. In *Taylor*, this Court held that a federal armed robbery statute was substantially similar to the Pennsylvania robbery statute at 18 Pa.C.S. 3701(a)(1)(ii). The federal statute at issue therein read:

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association;

. . . .

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

18 U.S.C. § 2113(a), (d). This Court found that the elements of the federal offense and the Pennsylvania law "both include an individual's resort to force or intimidation in the presence of another to take that which does belong to the individual. The conduct prohibited by both statutes, the resort to such force and intimidation to accomplish the individual's purpose of taking, is the same." *Taylor, supra* at 666.

According to the Commonwealth, the inclusion in the Massachusetts unarmed robbery statute of the separate clauses "force and violence" and "assault and putting in fear" connotes a "desire to protect the public from such an act that would instill fear and threat of great harm to the victim." Commonwealth's brief at 11. In addition, the Commonwealth argues that since the non-violent robbery sections of the Pennsylvania statute do not require both force and violence, the Massachusetts unarmed robbery statute is analogous to

the crimes of violence portions of the Pennsylvania law.

With respect to the assault with intent to rob law, the Commonwealth states that the phrase "assault another with force and violence and with the intent to rob or steal[,]" "clearly mirror Pennsylvania's prohibition against committing a theft while inflicting serious bodily injury, or threatening another with or intentionally putting him or her in fear of serious bodily injury." Commonwealth's brief at 12. In support of that contention, the Commonwealth refers to *Commonwealth v. Ward*, 856 A.2d 1273 (Pa.Super.2004), and makes a blanket statement that "assault through force and violence undeniably implies a threat or fear of serious bodily injury." Commonwealth's brief at 13.

A close inspection of the relevant statutes indicates that the Massachusetts statutes "cast a wider net" and cover a broader array of criminal behavior than do the Pennsylvania robbery sections that are considered crimes of violence. *Northrip*, *supra* at 739. The Pennsylvania robbery provisions defined as crimes of violence are intended to protect against serious bodily injury or the threat of serious bodily injury. A cursory look at Massachusetts jurisprudence defining the elements of both crimes firmly establishes that neither statute requires a threat of serious bodily harm or a person to be put in fear of serious bodily harm. Rather, the relevant Massachusetts laws protect against less serious criminal behavior.

In *Commonwealth v. Zangari*, 42 Mass. App.Ct. 931, 677 N.E.2d 702 (1997), the defendant was charged with committing unarmed robbery against a person over sixty-five, M.G.L.A. 265 § 17(a), which is the identical crime as unarmed robbery relevant herein, except for the obvious dis-

tinction between the age of the victims. In construing the language "force and violence," the court concluded that the act of snatching a purse from a person's hand was unarmed robbery. In support of that position, it referenced *Commonwealth v. Jones*, 362 Mass. 83, 283 N.E.2d 840 (1972). In *Jones*, the Massachusetts High Court determined that the act of taking a purse from a person who was aware of the taking was unarmed robbery.

In contrast, in *Commonwealth v. Davis*, 7 Mass.App.Ct. 9, 385 N.E.2d 278 (1979), the appellate court held that pick-pocketing a person who was unaware of the theft did not constitute unarmed robbery. Nevertheless, under the facts of that case, the Court reasoned the statutory language "by assault and putting in fear" was applicable. The Court opined that the defendant "acted in a manner which would be reasonably expected to induce fear[.]" *Id.* at 280. However, that fear was not required to be a fear of serious bodily injury. In addition, the Massachusetts High Court opined in *Commonwealth v. Santos*, 440 Mass. 281, 797 N.E.2d 1191, 1199 (2003), that the act of snatching an envelope from a person "can itself constitute sufficient 'force' to transform the crime into robbery."

While the Massachusetts robbery by an unarmed person requires more than force however slight and is intended to protect persons from bodily harm or the threat of such harm, it does not follow that the Massachusetts unarmed robbery crime entails causing or threatening *serious* bodily injury. Phrased another way, the fact that the Massachusetts crime requires more than force, however slight, does not *ipso facto* translate that crime into one involving a threat of or causing serious bodily injury.[1]

---

1. Simple assault in Pennsylvania requires more than force, however slight, and yet is not classified as a crime of violence. *See* 18 Pa.C.S. § 2701. The same can be said of the

The Pennsylvania robbery crimes of violence are intended to protect against serious bodily harm, not merely bodily harm, as evidenced by our legislature's decision not to include 18 Pa.C.S. § 3701(a)(iv) as a crime of violence. That provision states that a person commits robbery if he "inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury[.]" 18 Pa.C.S. § 3701(a)(iv). Purse snatching, without more, would satisfy Section 3701(a)(iv), but does not necessarily threaten or cause serious bodily injury.

With respect to the Commonwealth's analogy between *Taylor* and *Ward* and its reliance thereon, both cases are readily distinguishable from the instant case. *Taylor* involved a federal armed robbery statute that provided "Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person **by the use of a dangerous weapon or device,** shall be fined under this title or imprisoned not more than twenty-five years, or both." *Taylor, supra* (citing 18 U.S.C. § 2113(d)) (emphasis added). It is well settled that the use of a weapon to threaten another will place a person in fear of serious bodily injury. Were the statute at

issue herein the Massachusetts armed robbery provision, M.G.L.A. 265 § 17,[2] there would be no dispute that the Massachusetts law was substantially similar to the Pennsylvania robbery statute.

Similarly, the Commonwealth's reliance on *Ward, supra,* is misplaced. In *Ward,* this Court addressed whether a New York armed robbery statute and the Pennsylvania robbery statute were substantially equivalent. The Court opined that the New York armed robbery statute required a perpetrator to use or threaten to use a dangerous weapon. We then looked to the New York penal statute's definition of dangerous instrument, which indicated that a dangerous instrument is one that "is readily capable of causing death or other serious physical injury." Since the New York statute required the use of a dangerous instrument, we reasoned that it implicitly included the threat of or intentional placing of another in fear of immediate serious bodily injury. In referencing *Ward,* the Commonwealth ignores the critical distinction between the New York statute at issue and the Massachusetts statute herein, which is that the New York law prohibited armed robbery. Thus, we find the analysis in *Ward* to be of little support to the Commonwealth's position.

aggravated assault crimes that are not classified as crimes of violence, including 18 Pa. C.S. § 2702(a)(4), which involves attempting or causing bodily injury with a deadly weapon.

**2.** The Massachusetts statute reads:
**§ 17. Armed robbery; punishment**
Whoever, being armed with a dangerous weapon, assaults another and robs, steals or takes from his person money or other property which may be the subject of larceny shall be punished by imprisonment in the state prison for life or for any term of years; provided, however, that any person who commits any offence described herein while masked or disguised or while having

his features artificially distorted shall, for the first offence be sentenced to imprisonment for not less than five years and for any subsequent offence for not less than ten years. Whoever commits any offense described herein while armed with a firearm, shotgun, rifle, machine gun or assault weapon shall be punished by imprisonment in the state prison for not less than five years. Any person who commits a subsequent offense while armed with a firearm, shotgun, rifle, machine gun or assault weapon shall be punished by imprisonment in the state prison for not less than 15 years.
M.G.L.A. 265 § 17.

Moreover, in *Commonwealth v. Cook,* 419 Mass. 192, 644 N.E.2d 203 (1994), the Massachusetts Supreme Court, in discussing the felony murder rule and the applicable unarmed robbery statute, opined:

> Because **the felony of unarmed robbery is not inherently dangerous to human life,** i.e., it can be committed without a foreseeable risk to human life, the Commonwealth must show that the defendant committed the felony with conscious disregard for human life before it may be used as a basis for a felony-murder conviction. In contrast, felony-murder based on a felony which is inherently dangerous to human life does not require a showing of conscious disregard for human life because the risk is implicit in the intent required for the felony, e.g., armed robbery.

*Id.* at 211 (internal citations omitted) (emphasis added). Accordingly, it is evident that Massachusetts jurisprudence does not consider the unarmed robbery statute as an inherently dangerous felony, although our robbery sections that are crimes of violence unquestionably are so viewed. Simply put, the Massachusetts unarmed robbery crime does not implicitly require the placing of another in fear of or threatening another with serious bodily harm. *See also Commonwealth v. Moran,* 387 Mass. 644, 442 N.E.2d 399 (1982) (finding that unarmed robbery is not inherently dangerous as it includes purse snatching). A close study of the Massachusetts crime and our robbery statute reveals that unarmed robbery most closely aligns with Section 3701(a)(iv) of our robbery statute, a crime that is not delineated as a crime of violence.

Since Massachusetts case law indicates that the unarmed robbery statute does not require serious bodily injury or a threat to commit serious bodily injury, the essential elements that render robbery in Pennsylvania a crime of violence, that crime is not substantially similar to those portions of our robbery statute which our legislature has deemed crimes of violence. Therefore, the trial court erred in utilizing Appellant's prior unarmed robbery conviction to sentence him to life imprisonment.

With regard to the Massachusetts crime of simple assault with intent to rob, that commonwealth's case law does not interpret the language "force and violence" as threatening to place or placing another in fear of serious bodily injury. In *Commonwealth v. Ramos,* 6 Mass.App.Ct. 955, 383 N.E.2d 526 (1978), the Massachusetts intermediate appellate court held that grabbing money from a person's hand while that individual pulled on that money constituted sufficient evidence to find "force and violence." Such actions clearly do not amount to placing or threatening to place another in fear of serious bodily injury. Similarly, in *Commonwealth v. Gauthier,* 21 Mass.App.Ct. 585, 488 N.E.2d 806 (1986), the court held that, "Sufficient force to produce a reasonable apprehension of bodily injury without necessarily touching the victim" satisfies the "assaults another with force and violence" language of the statute. *Gauthier, supra* at 809.

Further, the title of the crime under discussion is simple assault with intent to commit robbery; simple assault under Pennsylvania law is not a crime of violence. Indeed, actually attempting to cause or causing bodily harm with a deadly weapon is not a crime of violence in Pennsylvania. *See* 18 Pa.C.S. § 2702(a)(4) and 42 Pa.C.S. § 9714(g). We are hard-pressed to conclude that the act of intentionally snatching money from someone's hand is a crime of violence when a crime in Pennsylvania involving a deadly weapon that causes bod-

ily injury is not.[3] Hence, it is apparent that this crime is not substantially similar to the crimes of violence provisions of the Pennsylvania robbery statute.

Furthermore, any reliance on the Massachusetts case of *Commonwealth v. Ordway*, 66 Mass. 270 (1853), for the position that simple assault with intent to commit robbery is a violent crime is also misplaced. In *Ordway*, the Massachusetts Supreme Court held that the act of taking a bank bill from the owner's hand and touching that hand was not an assault with force and violence. However, it does not automatically follow that the force and violence provision equals placing a person or threatening to place an individual in fear of serious bodily injury. It is evident from the cases referenced above that Massachusetts does not mandate putting another in fear of or threatening an individual with serious bodily harm to find a person guilty of either crime under discussion herein.

In sum, the Commonwealth's argument that the Massachusetts statutes at issue are substantially similar to the crimes of violence provisions of the Pennsylvania robbery statute ignores Massachusetts's own interpretation of its law. The *actus reus* needed to establish the elements of the Massachusetts offenses are less severe than that required by the applicable Pennsylvania robbery provisions. Further, the Massachusetts crimes, while specific intent crimes that protect persons, do not expressly delineate *mens rea* requirements that involve an intent to threaten or cause serious bodily harm. Indeed, the punishment for simple assault with intent to commit robbery cannot exceed ten years, which would classify that provision as a

felony of the second degree in Pennsylvania and be more akin to our robbery and aggravated assault crimes that are not statutorily delineated as crimes of violence.

Moreover, we are required to strictly construe our own criminal statutes. 1 Pa. C.S. § 1928(b)(1); *Graham, supra.* Broadly interpreting Massachusetts law to increase the scope of our recidivist statute significantly alters the narrow focus of our three strikes law. Since Massachusetts law establishes that neither of the offenses under discussion herein requires placing another in fear of or causing serious bodily injury, they are not substantially similar to Pennsylvania's robbery provisions that are crimes of violence.

Undoubtedly, the record establishes that Appellant is a dangerous individual and his actions are deserving of the most severe punishment under the law. However, the nature of Appellant's actions do not bear on the purely legal determination before us. While we have no hesitation in finding Appellant's behavior despicable, we cannot agree that crimes which do not require putting a person in fear of serious bodily injury or threatening serious bodily injury can be equated with Pennsylvania crimes of violence which unquestionably do. Purse snatching, grabbing money from a person's hand, and forcefully pulling on an envelope may require more than force however slight, but they do not entail causing or threatening serious bodily injury. Under the sentencing court's interpretation, a person who snatches a purse and grabs an envelope from someone's hand in Massachusetts has committed two crimes of violence.[4] Had those same offenses

---

**3.** If one threatens another with a deadly weapon, then the act is a crime of violence because the person is placed in fear of serious bodily injury.

**4.** Our reference to the facts of the Massachusetts cases does not mean that we look to the facts of a particular case for determining if it qualifies as a crime of violence. We, of course, must analyze the issue through an elemental approach. *See Commonwealth v.*

been committed in Pennsylvania, they most assuredly would not. Accordingly, we vacate Appellant's judgment of sentence. Since we vacate Appellant's sentence, we need not reach his additional sentencing issues.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

P.J. FORD ELLIOTT files a Dissenting Opinion in which Judges MUSMANNO, ALLEN, and OTT join.

### DISSENTING OPINION BY FORD ELLIOTT, P.J.:

Because I would find that appellant's Massachusetts convictions qualify as substantially similar crimes of violence to relevant Pennsylvania law, I would affirm appellant's life sentence. Therefore, I respectfully dissent.

The issue before us is one of statutory construction that implicates the legality of the sentence imposed. As a result, our standard of review is de novo and the scope of our review is plenary. *Commonwealth v. Samuel*, 599 Pa. 166, 961 A.2d 57, 60–61 (2008); *Commonwealth v. Collins*, 564 Pa. 144, 764 A.2d 1056, 1057 n. 1 (2001).

*Commonwealth v. Northrip*, 603 Pa. 544, 548, 985 A.2d 734, 736 (2009).

An equivalent offense is defined as a foreign offense which is substantially identical in nature and definition when compared to the Pennsylvania offense. *Commonwealth v. Shaw*, 560 Pa. 296, 304, 744 A.2d 739, 740 (2000); *Commonwealth v. Taylor*, 831 A.2d 661 (Pa.Super.2003). The test to determine

whether an out-of-state offense is an equivalent of a Pennsylvania offense requires the sentencing court to compare the elements of the crimes, the conduct prohibited by the offenses, and the underlying public policy behind the two criminal statutes. *Shaw, supra.* If the sentencing court determines that the prior offense is equivalent to a violent crime enumerated under a Pennsylvania statute, the defendant will be subject to the mandatory minimum sentence of total confinement. We note that the offenses do not identically have to mirror each other but must be substantially equivalent to invoke operation of 42 Pa. C.S. § 9714.

*Commonwealth v. Ward*, 856 A.2d 1273, 1277 (Pa.Super.2004). *See also Northrip, supra* (re-affirming the *Shaw* test for equivalent offenses in a Section 9714 case).

The first conviction at issue occurred in 1977. Chapter 265, Section 19 of the Massachusetts Criminal Code, "Robbery by unarmed person," provides, in relevant part, as follows:

(b) Whoever, not being armed with a dangerous weapon, **by force and violence, or by assault and putting in fear**, robs, steals or takes from the person of another, or from his immediate control, money or other property which may be the subject of larceny, shall be punished by imprisonment in the state prison for life or for any term of years.

M.G.L.A. 265 § 19(b) (emphasis added).[1]

The Majority finds that M.G.L.A. 265 § 19(b) does not require the infliction of

*Northrip*, 603 Pa. 544, 985 A.2d 734 (2009). Nonetheless, the elements of the Massachusetts offenses are obviously satisfied by both an *actus reus* and *mens rea* that do not amount to threatening, causing, or intending to threaten or cause serious bodily injury.

1. In 1981, "steals or takes" was substituted for "steals and takes" and "or from his immediate control" was inserted. St. 1981, c. 678, § 4, approved December 22, 1981. These minor amendments do not affect the analysis.

serious bodily injury or the threat thereof, as do Subsections (a)(1)(i) and (ii) of the Pennsylvania robbery statute. According to the Majority, Massachusetts' unarmed robbery statute encompasses conduct covered under Subsections (a)(1)(iv) and (v) of the Pennsylvania statute, which are not considered crimes of violence for purposes of Section 9714. For example, the Majority contends that the Massachusetts statute would include the threat of bodily injury, which constitutes a felony of the second degree under 18 Pa.C.S.A. § 3701(a)(1)(iv). Therefore, the Majority concludes that the crimes are not equivalent.

The Massachusetts Supreme Court has recognized that the unarmed robbery statute simply restates the common law of robbery; "In other words, although it carries a separate label, robbery is but an aggravated form of larceny." *Commonwealth v. Jones*, 362 Mass. 83, 86, 283 N.E.2d 840, 842–843 (1972) (citations and internal quotation marks omitted). "The common law came to regard robbery as a more serious offence than larceny because of the added element of personal violence or intimidation. The exertion of force, actual or constructive, remains the principal distinguishing characteristic of the offence." *Id.* at 86, 283 N.E.2d at 843 (citations and footnote omitted). "[I]n every case there must be a causal connection between the defendant's use of violence or intimidation and his acquisition of the victim's property." *Id.* at 87, 283 N.E.2d at 843 (citations omitted).

The Majority concedes that under Massachusetts case law, a mere taking of property from the person of another by force however slight is insufficient to satisfy the Massachusetts unarmed robbery statute. (Majority Opinion at 364.) Rather, the taking must be accomplished by force and violence, or by intimidation and putting in fear. Certainly use of the language "force and violence" and "assault and putting in fear" implies more than a mere taking. It is worth noting that a violation of M.G.L.A. 265 § 19(b) exposes an offender to a potential life sentence. Also, the purpose of both the Massachusetts and Pennsylvania statutes is the same, to protect citizens from serious injury or the threat thereof and to deter violent conduct. *See Ward*, 856 A.2d at 1278 (finding New York's and Pennsylvania's robbery statutes substantially equivalent where "a review of the statutes reveals that both offenses prohibit the same conduct, *i.e.*, employing intimidation through threat of bodily harm to facilitate a theft, and both statutes advance the public's interest in protecting citizens from serious injury or the threat thereof"). *See also Taylor*, 831 A.2d at 666 (federal offense of armed bank robbery substantially equivalent to Pennsylvania's robbery statute where "The conduct prohibited by both statutes, the resort to such force and intimidation to accomplish the individual's purpose of taking, is the same.") (citation and footnote omitted).

The *Northrip* court made clear that although not determinative, analysis of the underlying policy considerations is appropriate. *Northrip*, 603 Pa. at 554, 985 A.2d at 740. *See also* Castille, C.J., concurring (courts should not ignore the underlying public policy behind the criminal statutes in determining equivalency of offenses). Here, both 18 Pa.C.S.A. § 3701(a)(1)(i) & (ii), and M.G.L.A. 265 § 19(b) are intended to protect individuals from infliction of bodily harm or the threat thereof. The elements of both include the resort to force or intimidation to take from the person or presence of another that which does not belong to the perpetrator. Consequently, I would find that they are substantially equivalent for purposes of 42 Pa.C.S.A. § 9714.

Appellant complains that there is nothing in the record regarding the underlying facts of the 1977 Massachusetts conviction. Appellant states that there is no indication that violence or force was involved. (Appellant's brief at 12.) Appellant argues that there is no showing that the 1977 conviction involved serious bodily injury to the victim. (*Id.* at 13.)

In *Northrip, supra,* our supreme court endorsed an elements-based approach as articulated in *Shaw,* and held that ordinarily, the sentencing court should not consider the actual facts underlying a defendant's prior, out-of-state conviction:

> This very specific and deliberate method of defining crimes of violence in Section 9714 demonstrates the Legislature's clear intent that with respect to all crimes except burglary, the focus is on the crime for which the defendant was convicted, not the factual scenario underlying that crime. Section 9714 both directs and limits the sentencing court's inquiry.

*Northrip,* 603 Pa. at 555–556, 985 A.2d at 741 (footnote omitted).[2] Therefore, inquiry into the facts underlying appellant's 1977 unarmed robbery conviction would be inappropriate.

I now turn to appellant's 1985 conviction in Massachusetts for assault with intent to rob or steal. That statute provides as follows:

> Whoever, not being armed with a dangerous weapon, **assaults another with force and violence and with intent to rob or steal** shall be punished by imprisonment in the state prison for not more than ten years.

M.G.L.A. 265 § 20 (emphasis added).

As in Section 19, unarmed robbery, Massachusetts' assault with intent to rob statute requires that the actor use "force and violence." I find that the threat of serious bodily injury is implicit in the language of the statute. Appellant cites *Commonwealth v. Ramos,* 6 Mass.App.Ct. 955, 383 N.E.2d 526 (1978), as support for the proposition that Section 20 encompasses the use of force however slight, and is therefore more akin to 18 Pa.C.S.A. § 3701(a)(1)(v), which is not an enumerated "crime of violence" under 42 Pa.C.S.A. § 9714(g). (Appellant's brief at 14–15.) In *Ramos,* the evidence was deemed sufficient to support the defendant's conviction for assault with intent to rob where he grabbed at $100 in bills which a supermarket cashier was holding in her hand. *Ramos,* 383 N.E.2d at 526. In the ensuing "tug-of-war," the corners of the bills tore off in the defendant's hands before he fled from the store. *Id.* The defendant's action in grabbing at the money while the victim resisted by tugging back was held to constitute an assault with sufficient "force and violence" to satisfy the elements of the statute. *Id.*

The defendant's actions in *Ramos* can hardly be said to constitute "force however slight," where the corners of the bills actually tore off in his hand as a result of a persistent tug-of-war with the cashier. This was not a case of a pickpocket surreptitiously removing a wallet from an unsuspecting pedestrian. Certainly a jury could reasonably infer that the cashier feared

---

**2.** The exception is the crime of burglary, which is defined differently in the burglary statute, 18 Pa.C.S.A. § 3502, and in 42 Pa.C.S.A. § 9714(g). It is for the sentencing court to determine whether a defendant's act of burglary satisfies the factual requirements of Section 9714, *i.e.,* "burglary of a structure adapted for overnight accommodation in which at the time of the offense any person is present." *Id.* at 556 n. 9, 985 A.2d at 741 n. 9, citing *Commonwealth v. Samuel,* 599 Pa. 166, 961 A.2d 57 (2008).

injury as a result of the defendant's aggressive actions. In *Commonwealth v. Ordway*, 66 Mass. 270, 1853 WL 6523 (1853), cited as contrary authority in *Ramos, supra,* the Supreme Court of Massachusetts held that merely snatching bills from the victim's hand, thereby inadvertently touching his hand, did *not* constitute an assault with force and violence under the predecessor statute to M.G.L.A. 265 § 20. *Id.* at *1.

Therefore, appellant's argument that Massachusetts' assault with intent to rob statute encompasses the use of force however slight is not supported by the case law. Furthermore, the court in *Northrip* cautioned against the use of hypothetical factual scenarios in favor of an elements-based approach. *Northrip*, 603 Pa. at 554, 985 A.2d at 740.

The record reflects that appellant had a total of 92 arrests and 36 convictions, including 8 convictions for violent crimes. (Notes of testimony, 11/17/06 at 12.) Appellant had been arrested 30 times for violent crimes ranging from assault with a deadly weapon to kidnapping and rape. (*Id.*) He has terrorized the victim in this case, who suffered serious injuries. (*Id.* at 11.) The prosecuting attorney in this case described appellant's criminal history as the worst he has seen. (*Id.* at 17.) As the trial court remarked, appellant has not shown any willingness to rehabilitate. (*Id.* at 22.) At resentencing on January 14, 2009, the court observed that appellant was precisely the type of incorrigible, violent serial offender the legislature envisioned when it enacted the three strikes law. (Notes of testimony, 1/14/09 at 5.)

I would determine that for the same reasons described in the analysis of M.G.L.A. 265 § 19, unarmed robbery, M.G.L.A. 265 § 20, assault with intent to rob or steal, is likewise an equivalent crime of robbery for purposes of 42 Pa.

C.S.A. § 9714. The Massachusetts statutes under consideration and Pennsylvania's robbery statute prohibit similar conduct, *i.e.,* using force or intimidation to accomplish a theft, and both advance the significant public interest in protecting citizens from serious injury or the threat thereof. Consequently, I would find that the crimes in question are substantially equivalent within the meaning and purpose of Section 9714 and thus the mandatory sentencing provisions of Section 9714 are applicable here. In my opinion, the trial court did not err when it found appellant's prior Massachusetts convictions were previous crimes of violence laying the foundation for appellant's sentence of life imprisonment without parole pursuant to 42 Pa. C.S.A. § 9714(a)(2).

For these reasons, I respectfully dissent.