J-S52033-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
:  PENNSYLVANIA
Appellee :
:
v. :
:
MICHAEL GREENE, :
:
Appellant : No. 249 MDA 2018

Appeal from the PCRA Order January 16, 2018
in the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0001831-2004

BEFORE: BENDER, P.J.E., MCLAUGHLIN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.: **FIILED: OCTOBER 17, 2018**

Michael Greene (Appellant) appeals from the January 16, 2018 order

dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42

Pa.C.S. §§ 9541-9546. We affirm.

A prior panel of this Court summarized the factual and procedural

background of this case as follows.

> A jury convicted Appellant of aggravated assault and simple
> assault after he brutally attacked his girlfriend. Thereafter, the
> trial court sentenced Appellant to life imprisonment under 42
> Pa.C.S. § 9714[1] due to Appellant's [prior] convictions in
> Massachusetts. Appellant appealed, and this Court remanded for
> resentencing because the record did not reflect which of
> Appellant's thirty-three convictions in Massachusetts the trial
> court utilized as Appellant's two prior crimes of violence. Appellant
> petitioned for allowance of appeal, which our Supreme Court
> denied.

---

[1] Section 9714 requires mandatory minimum sentences for second or
subsequent convictions involving crimes of violence.

*Retired Senior Judge assigned to the Superior Court.

Subsequently, the [trial] court conducted a hearing on the relevant issue and again sentenced Appellant to life imprisonment, concluding that a 1977 conviction for unarmed robbery and a 1985 conviction for simple assault with intent to commit robbery were substantially equivalent to Pennsylvania's robbery crimes of violence. Appellant filed a timely post-sentence motion, which the court denied.

*Commonwealth v. Greene*, 25 A.3d 359, 360 (Pa. Super. 2011) (*en banc*).

Appellant filed a notice of appeal. This Court vacated Appellant's judgment of sentence and remanded for resentencing a second time because Appellant's prior convictions for unarmed robbery and simple assault with intent to commit robbery could not be used for sentencing under section 9714. *Id.* On February 20, 2013, our Supreme Court entered an order affirming on the basis of this Court's *en banc* opinion. *Commonwealth v. Greene*, 81 A.3d 829 (Pa. 2013) (*per curiam*).

The trial court resentenced Appellant on February 10, 2014, to a term of 8 ½ to 20 years of incarceration. Appellant did not file an appeal.

On February 18, 2014, Appellant *pro se* filed the instant PCRA petition. Counsel was appointed, and counsel filed an amended PCRA petition containing eleven allegations of ineffective assistance of pre-trial, trial, and appellate counsel. An evidentiary hearing was held on August 21, 2017. The PCRA court granted the parties the opportunity to file supplemental briefs, and Appellant filed a supplemental brief and second amended PCRA petition. By

order and memorandum, the PCRA court dismissed Appellant's PCRA petition

on January 16, 2018. This timely-filed appeal followed.[2]

On appeal, Appellant sets forth four issues for our review.

1. Did the PCRA court err and/or abuse its discretion in failing to grant post[-]conviction relief where trial counsel rendered ineffective assistance by failing to object and move for the exclusion of testimony of Officer Mills that Appellant had cuts and abrasions on his hands where Officer Mills destroyed photographs taken of Appellant's hands, did not reflect the aforesaid in his reports and previously testified, at a preliminary hearing, that he did not see any injuries upon Appellant?

2. Did the PCRA court err and/or abuse its discretion in failing to grant post[-]conviction relief where trial counsel rendered ineffective assistance of counsel in failing to take exception to or object to the jury instruction given regarding *crimen falsi* evidence and, then, request that the crimes or convictions involving marijuana and other convictions not involving *crimen falsi*, occurring in the Commonwealth of Massachusetts, be distinguished within the instruction?

3. Did the PCRA court err and/or abuse its discretion in failing to grant post[-]conviction relief where trial counsel rendered ineffective assistance of counsel by failing to challenge the admission of a photograph of [the victim] from 2001, utilized to substantiate a prior wrong or bad act, pursuant to Pa.R.E. 403?

4. Did the PCRA court err and/or abuse its discretion in failing to grant post[-]conviction relief where appellate counsel failed to ensure that the certified record on appeal was complete, specifically with regard to Commonwealth Exhibit #1, thereby failing to preserve the issue for direct appellate review?

Appellant's Brief at 2 (unnecessary capitalization omitted).

We begin with our standard of review.

_____

[2] Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

- 3 -

> This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. Finally, we may affirm a PCRA court's decision on any grounds if the record supports it.

*Commonwealth v. Benner*, 147 A.3d 915, 919 (Pa. Super. 2016) (quoting

*Commonwealth v. Perry*, 128 A.3d 1285, 1289 (Pa. Super. 2015)).

"To establish ineffectiveness of counsel, a PCRA petitioner must show the underlying claim has arguable merit, counsel's actions lacked any reasonable basis, and counsel's actions prejudiced the petitioner." *Commonwealth v. Jones*, 71 A.3d 1061, 1063 (Pa. Super. 2013) (citations omitted). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009).

Following a review of the certified record and the briefs for the parties, we conclude that the opinion of the Honorable Michael J. Barrasse thoroughly addresses Appellant's issues and arguments and applies the correct law to facts that are supported by the record. We discern no error or abuse of discretion. *See* PCRA Court Opinion, 3/28/2018, at 6-9 (explaining that it did not err in dismissing Appellant's claim of ineffective assistance of trial counsel

regarding the testimony of Officer Mills because it was not supported by the record and trial counsel acted reasonably: the record revealed that trial counsel was aware of the destroyed photographs prior to trial and filed a motion to quash on that basis, which was denied; once it was apparent that evidence regarding injuries to Appellant's hands would be admitted at trial, counsel attempted to impeach Officer Mills by thoroughly cross-examining him as to the destruction of the photographs); *id.* at 13-17 (explaining that it did not err in dismissing Appellant's claim of ineffective assistance of trial counsel regarding the *crimen falsi* convictions because trial counsel's conduct was reasonable: counsel objected to the testimony regarding the possession conviction and when overruled, sought to prohibit the Commonwealth from using the drug conviction for impeachment; the trial court did not mention the drug conviction during the *crimen falsi* jury instruction; neither the trial court nor the Commonwealth emphasized the drug conviction; counsel reasonably declined to draw attention to a fleeting reference that the jury may not have noticed); *id.* at 25-29 (explaining that it did not err in dismissing Appellant's claim of ineffective assistance of trial counsel regarding the 2001 photograph of the victim because trial counsel articulated a reasonable basis for attempting to discredit the testimony of the victim even though it ultimately opened the door for the photograph's admission; the photograph was admissible to corroborate the victim's testimony under Pa.R.E. 404(b), and despite its inflammatory nature, its evidentiary value outweighed its potential

prejudicial effect; excluding the photograph would not have changed the outcome of the trial); *id.* at 29-32 (explaining that it did not err in dismissing Appellant's claim of ineffective assistance of appellate counsel because the underlying claim lacked merit; counsel reasonably believed that the photograph was included in the certified record; its inclusion would not have changed the outcome of his appeal).

Therefore, we adopt the PCRA court's opinion of March 28, 2018 as our own and affirm the PCRA order based upon the reasons stated therein.[3]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/17/2018

_____

[3] The parties shall attach a copy of the trial court's March 28, 2018 opinion to this memorandum in the event of further proceedings.