J-S28044-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                              :              PENNSYLVANIA
                                                :
                     v.                           :
                                                :
                                                :
DESMOND ABERNATHY            :
                                                  :
                  Appellant              :       No. 245 EDA 2020

Appeal from the Judgment of Sentence Entered November 15, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006258-2016

BEFORE: BOWES, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:           **FILED SEPTEMBER 29, 2021**

Desmond Abernathy (Abernathy) appeals from the judgment of sentence of 25 to 50 years' imprisonment imposed by the Court of Common Pleas of Philadelphia County (trial court) based on his conviction of aggravated assault and related offenses. On appeal, Abernathy challenges (1) the denial of his motion to dismiss under Pa.R.Crim.P. 600, and (2) his mandatory sentence as a "third strike" offender. We affirm.

**I.**

Because of the nature of his issues, a detailed recitation of the factual history is unnecessary. On the night of May 3, 2016, after exchanging gunfire with a police officer, Abernathy was arrested and charged with aggravated

---

[*] Retired Senior Judge assigned to the Superior Court.

assault, persons not to possess firearms, carrying a firearm without a license, carrying firearms in Philadelphia, recklessly endangering another person and resisting arrest.[1]  For reasons discussed in the first issue, his trial was delayed for nearly three years until April 24, 2019.  On that date, he proceeded to a bifurcated jury trial that ended with him being found guilty of those charges.

At sentencing, the Commonwealth argued that the aggravated assault conviction was a "third strike" under Pennsylvania's recidivist sentencing statute, 42 Pa.C.S. § 9714(a)(2), because Abernathy had prior convictions for robbery in both Pennsylvania and Delaware.  Abernathy conceded that the Pennsylvania conviction qualified, but disputed that his Delaware convictions should be considered equivalent offenses under § 9714.  The trial court disagreed and determined this aggravated assault conviction was a "third strike."  As a result, the trial court imposed the mandatory 25 to 50 years' imprisonment for aggravated assault.[2]  This appeal followed.

_____

[1] 18 Pa.C.S. §§ 2702(a), 6105(a)(1), 6106(a)(1), 6108, 2705 and 5104.

[2] The trial court imposed concurrent sentences on all other counts.

**II.**

In his first issue, Abernathy claims that the trial court should have granted his motion to dismiss under Rule 600, arguing that the Commonwealth failed to bring him to trial within the allowable 365 days.[3]

> [T]he courts of this Commonwealth employ three steps ... in determining whether Rule 600 requires dismissal of charges against a defendant. First, Rule 600(A) provides the mechanical run date. Second, we determine whether any excludable time exists pursuant to Rule 600(C). We add the amount of excludable time, if any, to the mechanical run date to arrive at an adjusted run date.
>
> If the trial takes place after the adjusted run date, we apply the due diligence analysis set forth in Rule 600(D). As we have explained, Rule 600 encompasses a wide variety of circumstances under which a period of delay was outside the control of the Commonwealth and not the result of the Commonwealth's lack of diligence. Any such period of delay results in an extension of the run date. Addition of any Rule 600 extensions to the adjusted run date produces the final Rule 600 run date. If the Commonwealth does not bring the defendant to trial on or before the final run date, the trial court must dismiss the charges.

***Commonwealth v. Armstrong***, 74 A.3d 228, 236 (Pa. Super. 2013) (cleaned up).[4]

---

[3] Under Pa. R. Crim. P. 600 (A)(2)(a) (1), "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed."

[4] Our standard of review is as follows:

> In evaluating Rule [600] issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing

In this case, because the criminal complaint was filed on May 9, 2016, necessarily, the mechanical run date is May 9, 2017. Next, Abernathy concedes that two time periods would be excludable. The first is for 571 days from August 4, 2016, to February 26, 2018, when his case was delayed for a mental health evaluation. The second is for 133 days for a defense continuance from March 20, 2018, to July 30, 2018. After adding these time periods to the mechanical run date, the adjusted run date is April 13, 2019.[5]

Abernathy argues that there were no other excludable periods to adjust the run date past the start of his trial. His argument, however, ignores that there was a joint continuance on November 7, 2018, causing his trial date to be rescheduled to January 8, 2019. As we have recognized, "a joint continuance is an excludable delay." **Commonwealth v. Peterson**, 19 A.3d 1131, 1137 (Pa. Super. 2011). As a result, the 64-day period from November 7, 2018, to January 8, 2018, is excludable and cannot be held against the

_____

and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

**Commonwealth v. Leaner**, 202 A.3d 749, 765-66 (Pa. Super. 2019) (citation omitted; brackets in original).

[5] Abernathy calculates the adjusted run date as April 7, 2019, but he includes the six days between his arrest on May 3, 2016, and the criminal complaint being filed on May 9, 2016. This slight variance in calculation does not affect our disposition.

Commonwealth. When added to the conceded excludable periods, the adjusted run date would be June 16, 2019, making the April 24, 2019, start date for his trial timely. As a result, the trial court did not err in denying the Rule 600 motion.

## III.

Abernathy next challenges the trial court's determination at sentencing that he was a "third strike" offender under § 9714. He argues that the Commonwealth did not present sufficient evidence that his Delaware robbery convictions qualify as equivalent crimes of violence under § 9714.[6]

Section 9714(a) of the Sentencing Code provides:

(1) Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Upon a second conviction for a crime of violence, the court shall give the person oral and written notice of the penalties under this section for a third conviction for a crime of violence. Failure to provide such notice shall not render the offender ineligible to be sentenced under paragraph (2).

(2) Where the person had at the time of the commission of the current offense previously been convicted of two or more such crimes of violence arising from separate criminal transactions, the person shall be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Proof that the offender

---

[6] "Issues relating to the legality of a sentence are questions of law. Our standard of review over such questions is *de novo* and our scope of review is plenary." ***Commonwealth v. Prieto***, 206 A.3d 529, 534 (Pa. Super. 2019) (citation omitted).

received notice of or otherwise knew or should have known of the penalties under this paragraph shall not be required. Upon conviction for a third or subsequent crime of violence the court may, if it determines that 25 years of total confinement is insufficient to protect the public safety, sentence the offender to life imprisonment without parole.

42 Pa.C.S. § 9714(a)(2). Section 9714(g)(2), meanwhile, lists the offenses that qualify as "crimes of violence" under subsection (a)(2), including, in relevant part:

> As used in this section, the term "crime of violence" means … aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) or (2) (relating to aggravated assault), … robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery), … or an equivalent crime in another jurisdiction.

42 Pa.C.S. § 9714(g).

To determine whether an out-of-state conviction qualifies under § 9714, we have explained:

> … [W]e consider "the elements of the foreign offense in terms of classification of the conduct proscribed, its definition of the offense, and the requirements for culpability." *Commonwealth v. Northrip*, 603 Pa. 544, 985 A.2d 734, 740 (2009) (quoting *Commonwealth v. Shaw*, 560 Pa. 296, 744 A.2d 739, 743 (2000) (internal quotation marks omitted)). "The focus is not on the facts underlying the conviction, but rather on the statute that triggered the conviction." *Id*. at 741. Additionally, underlying public policy behind the two criminal statutes is relevant to our analysis, though not controlling. *Commonwealth v. Ward*, 856 A.2d 1273, 1277 (Pa. Super. 2004). Importantly, "the offenses do not identically have to mirror each other, but must be substantially equivalent to invoke operation of 42 Pa.C.S. § 9714." *Id*.

*Commonwealth v. Johnson*, 241 A.3d 398, 405-06 (Pa. Super. 2020).

At the sentencing hearing, the Commonwealth admitted two exhibits to support its claim that Abernathy's Delaware robbery convictions qualified as equivalent crimes. First, the Commonwealth introduced a certified docket from the Superior Court of New Castle County, Delaware, showing that on August 1, 1994, Abernathy pleaded guilty to four counts of first-degree robbery and three counts of possession of a deadly weapon during the commission of a robbery.

Second, the Commonwealth also admitted police reports from the Wilmington Police Department. These reports showed that there were seven alleged incidents. The Commonwealth then summarized the incidents.

> … [T]here was one in which the victim suffered a fractured jaw after being hit with a bludgeon. There was another where the victim was knocked unconscious with a bludgeon. There was an incident in which the defendant went into a beauty shop with a handgun inside of a brown paper bag and forced the clerk to turn over money from the cash register. In another incident, the defendant approached the victim with what appeared to be a handgun wrapped in a shirt and forced her to give money from the cash register. There was another incident where he approached the victim with a handgun inside of a paper bag and forced the victim to give over money.

*Id*. at 6. Based on these facts, the Commonwealth argued that Abernathy's robbery convictions would constitute first-degree robberies in Pennsylvania. *Id*. at 6-7. While he had no objection to the certified record of his convictions, Abernathy contested the admission of the police reports being used. *Id*. at 7-8. Finding that the Commonwealth met its burden that the Delaware convictions qualified as equivalent offenses under § 9714, the trial court

determined that Abernathy's current offense would be considered a "third strike." ***Id***. at 8.

Abernathy first faults the trial court for not reviewing "the elements of [his] prior Delaware State conviction, the classification of the conduct proscribed, or the subject matter to be protected." Abernathy's Brief at 16. Second, he notes that the "records cited by the Commonwealth do not appear to list the specific statutory provision under which defendant was convicted." ***Id***. Third, he complains that the Commonwealth "relied exclusively on barely legible reports from the Wilmington Police Department." ***Id***. at 17. He then concludes that the trial court erred by relying on the police reports and failing to analyze the elements of the Delaware statute under which he was convicted. ***Id***.

We agree with Abernathy that the police reports of the Delaware convictions are not relevant to determine whether the out-of-state conviction was equivalent under § 9714. As noted, when determining equivalency of an out-of-state conviction, the sentencing court should not focus on the facts of the underlying conviction "but rather on the statute that triggered the conviction." ***See Northrip***, 985 A.2d at 741. It is the elements of out-of-state statute that controls, not the underlying facts.

That said, the trial court did not rely on those facts in its equivalency determination. Instead, in its Pa.R.A.P. 1925(a) opinion, the trial court

clarified that its determination was based on its analysis of the elements of

Delaware's robbery statute with those of Pennsylvania's robbery statute.

> In this case, the Commonwealth submitted certified records from the Superior Court of Newcastle County that showed that Defendant was convicted of first-degree robbery in Delaware. Notes of Testimony, 11/15/19 at 5. Defendant did not object to these records. *Id*. at 7. First-degree robbery is a crime of violence under section 9714. 42 Pa.C.S. § 9714(g). Therefore, Defendant's conviction qualifies as a crime of violence if Delaware's first-degree robbery statute is equivalent to Pennsylvania's first-degree robbery statute. The facts underlying Defendant's Delaware conviction are not controlling.

> To be guilty of first-degree robbery in Pennsylvania, a person must, while committing a theft, either (1) "inflict[] serious bodily injury upon another," (2) "threaten another with or intentionally put[] him in fear of immediate serious bodily injury," or (3) commit[] or threaten[] immediately to commit any felony of the first or second degree." 18 Pa.C.S. § 3701(a). For purposes of equivalency, the crucial element is "causing or threatening serious bodily injury." *[Commonwealth] v. Greene*, 25 A.3d 359, 362 (Pa. Super. 2011). The use of a deadly weapon is also sufficient because it carries the implicit threat of serious bodily injury. *Id*. at 365.

> To be guilty of first-degree robbery in Delaware, a person must, while committing the crime of robbery in the second degree, either (1) "cause[] physical injury" to a non-participant, (2) display a deadly weapon or represent that he or she possesses a deadly weapon, (3) be armed with and use a dangerous instrument, (4) commit the crime against a person over the age of 65, or (5) threaten death upon another. 11 Del. Code § 832(a) (emphasis added). The lesser-included offense of second-degree robbery requires that, while committing a theft, the person use or threaten to use force to overcome resistance or otherwise aid the commission of the theft. 11 Del. Code § 831(a).

Trial Court Opinion (TCO), at unnumbered 4-5 (brackets in original).

After setting out the elements of both offenses, the trial court analyzed the elements and found that Delaware's first-degree robbery statute would qualify as a crime of violence under § 9714.

> The essence of both Pennsylvania robbery and Delaware robbery is a theft which is achieved through violence, or the threat thereof, and the subject sought to be protected by both is protection of the person and his property. The Delaware statute in this case is distinct from the Massachusetts statute at issue in **Greene**, **supra**, which criminalized robbery by an unarmed person when the taking was accomplished by "force and violence, or by assault and putting in fear[.]" **Greene**, **supra**, 25 A.3d at 362, citing M.G.L.A. 265 § 19(b). The **Greene** en banc panel concluded that, unlike the Pennsylvania robbery statute at issue, the Massachusetts statute did not require "a threat of serious bodily harm or a person to be put in fear of serious bodily harm." **Id**. at 364. However, the panel stated, "Were the statute at issue herein the Massachusetts armed robbery provision, ... there would be no dispute that the Massachusetts law was substantially similar to the Pennsylvania robbery statute." **Id**. at 365. Thus, drawing from the Court's reasoning in **Greene**, the Delaware statute's deadly weapon element resembles the crucial serious bodily injury element of Pennsylvania's first-degree robbery statute and is therefore substantially equivalent.

TCO at unnumbered 5-6 (brackets in original).

We agree with this analysis and note that Abernathy does not challenge it in his brief. Abernathy instead complains (1) that the Delaware robbery statute was not cited at the sentencing hearing, and (2) the trial court did not review the Delaware statute.

First, the certified record of Abernathy's Delaware convictions show that he was found guilty of "ROBBERY 1ST." N.T., 1/15/19, at 5 (Commonwealth's Exhibit 1). Abernathy did not object to the admission of the certified docket at sentencing. **Id**. at 7 ("I have no objection, obviously, to the Superior Court

- 10 -

docket from Delaware state. That's certified and speaks for itself."). Nor did he raise any complaint to the docket's lack of citation to the Delaware first-degree robbery statute. As a result, the Commonwealth presented sufficient evidence that he was convicted of first-degree robbery in Delaware.

Second, § 9714 does not require the trial court to explain the reasons for its determination that why an offense is a "third strike." Instead, § 9714(d), which governs the proof at sentencing, provides, in pertinent part:

> … The applicability of this section shall be determined at sentencing. The sentencing court, prior to imposing sentence on an offender under subsection (a), shall have a complete record of the previous convictions of the offender, copies of which shall be furnished to the offender. If the offender or the attorney for the Commonwealth contests the accuracy of the record, the court shall schedule a hearing and direct the offender and the attorney for the Commonwealth to submit evidence regarding the previous convictions of the offender. The court shall then determine, by a preponderance of the evidence, the previous convictions of the offender and, if this section is applicable, shall impose sentence in accordance with this section.

42 Pa.C.S. § 9714(d). As noted, Abernathy did not contest that the Delaware record was accurate, nor does he contend that it was not equivalent or that he was not informed at sentencing that the Delaware conviction was his "third strike." Moreover, Abernathy does not cite any case law or statutory authority that an on-the-record analysis is required at sentencing as to the trial court's legal reasoning in making its determination that the out-of-state conviction was a "third strike." Accordingly, because the trial court employed proper analysis by focusing on the elements of the offenses, and Abernathy does not challenge that analysis, we find that the trial court did not err in determining

- 11 -

that Abernathy's 1994 Delaware convictions qualified as equivalent offenses under § 9714.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 9/29/2021*