COMMONWEALTH *vs.* JOHN CRONAN.

Suffolk.   November 24, 1891. — January 8, 1892.

Present: ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Larceny — Evidence for the Jury.*

On a complaint for the larceny of a watch from the person, the evidence tended
to show that the owner, while standing in a crowd of people near the defend-
ant, immediately after looking at his watch, which he carried in his waistcoat
pocket attached to a chain, felt a tug at the chain and a little motion near the
pocket; and that he saw the chain drop, and the defendant's hand then near
the pocket, go down quickly by the defendant's side and behind him or partly
so. *Held,* that a finding was warranted that the watch was stolen, and that
the defendant was the thief.

COMPLAINT for stealing a watch, on June 3, 1891, from the
person of one Eames.  At the trial in the Superior Court, before
*Bond,* J., Eames testified that on the day in question, about four
o'clock P. M., he was on Tremont Street, and upon hearing an
alarm of fire started towards the place where the fire was; that,
while standing there about a minute or so with persons all
around him, he felt a tug at his watch chain, which was attached
to a gold watch that he carried in his waistcoat pocket, and felt
a little motion near the pocket; that he immediately looked
down and saw the defendant's hand, which at the time was in
the vicinity of the pocket, go down quickly by the defendant's
side and behind him or partly so; that at the same time he saw
his watch chain drop and missed the watch; that he had looked
at his watch some two and a half minutes before he felt the tug
at his chain; that the defendant at the time was standing very
close to him and facing him; that he then grabbed the defend-
ant by the coat and accused him of having his watch; that the
defendant said to him, "What is the matter with you?" and
later denied having the watch; that he then held the defendant
until an officer came and took the defendant to the police station;
that the defendant was searched at the station, but no watch
was found upon him; and that he did not see his watch in the
hand or possession of the defendant, nor could he say that he
saw a confederate take the watch from the defendant.

A police officer testified that he had a conversation with the defendant at the station, in which the defendant gave as a reason for being in that vicinity that he went there to see a girl; and the defendant testified in his own behalf, denying that he took the watch.

The judge declined to rule at the defendant's request, as matter of law, that there was no evidence to warrant a verdict of guilty; and submitted the case to the jury.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*W. H. Baker*, for the defendant.

*C. N. Harris*, Second Assistant Attorney General, (*G. C. Travis*, First Assistant Attorney General, with him,) for the Commonwealth.

ALLEN, J. The defendant contends that there was no sufficient evidence that Eames's watch was stolen, or if so, that the defendant was the thief. But we think upon both points the case was properly submitted to the jury. The evidence tended to show that his watch, which he had just looked at, was attached to a watch chain, and he felt a tug at the watch chain and a little motion near the pocket where the watch was carried; that he saw the chain drop, and the defendant's hand, then near his watch pocket, go down quickly by the defendant's side, and behind him or partly so. From this and the other evidence the jury might well think that the watch was stolen, and that the defendant was the thief.     *Exceptions overruled.*