COMMONWEALTH *vs.* LORENZO DAVIS.

Suffolk.    December 13, 1978. — January 25, 1979.

Present: HALE, C.J., ROSE, & BROWN, JJ.

*Robbery. Larceny.*

Pickpocketing does not constitute robbery merely because the victim
    has an awareness that the pickpocketing is taking place. [11-12]
At the trial of a defendant charged with unarmed robbery, there was
    sufficient evidence for the jury to infer that the taking of the vic-
    tim's wallet from his pocket was brought about by "assault and
    putting in fear." [12]

INDICTMENT found and returned in the Superior Court
on October 21, 1977.

The case was tried before *Tamkin, J.,* a District Court
judge sitting under statutory authority.

*Brownlow M. Speer* for the defendant.

*Willie Ivory Carpenter, Jr.,* Assistant District Attorney,
for the Commonwealth.

HALE, C.J. The defendant was tried by a jury and con-
victed of unarmed robbery (G. L. c. 265, § 19) of seventeen
dollars from the person of one Richard Lento. He has
assigned as error the refusal of the judge to direct a ver-
dict of not guilty on so much of the indictment as charged
assault with intent to rob and robbery, on the ground that
the Commonwealth's evidence disclosed, at most, larceny
from the person.[1]

The jury heard testimony from which it could have
been found that Lento, his brother, and two friends had
been walking together side by side through the Boston
Common on the evening of August 12, 1977. While on a

---

[1] The defendant's only other assignment of error has been waived.

pathway near the bandstand, an area which is surround-
ed by a circular row of benches, they were approached
from the rear by a group of four or five youths. The youths
were talking in a "friendly fashion." The two groups
"slowly merged together," with the youths forming a cir-
cle around Lento and his companions. The youths then
separated Lento and his companions so that they were
about eight to ten feet apart. One of Lento's companions,
John Paquette, was outside the circle of benches, while
the others were inside the circle, so that they formed the
four corners of a square. There was a youth with each of
Lento's companions. The defendant was with Lento.

The defendant leaned on Lento's back and pulled his
wallet out of his left back pocket. Lento, upon feeling his
wallet being removed, turned around, saw the defendant
with his back turned toward him, and said that the de-
fendant had taken his wallet. The defendant then turned
around and handed the wallet back to Lento. Seventeen
dollars which the wallet had contained were gone. Lento
then observed another of the youths taking his friends'
wallets. Lento testified that at the time of the incident[2]
he felt "kind of afraid."

Lento and his companions then ran away and tele-
phoned the police from Park Square. Shortly thereafter,
two police officers arrived in a patrol car. They drove
Lento and his companions through the Common, where
the defendant was seen standing on the bandstand and
was identified by Lento as the person who had stolen his
money.

The defendant concedes that the Commonwealth pre-
sented sufficient evidence to support a guilty verdict of
the lesser included offense of larceny from the person (see
G. L. c. 266, § 25) but argues that there was insufficient

---

[2] Lento testified on direct examination that he felt "kind of afraid"
at the time of the theft, on cross-examination that he first felt afraid
after the theft, and on voir dire that he first felt fear when approached
by the group of youths. However, the statement made at voir dire was
not made before the jury.

evidence to support a conviction of robbery. See *Common-wealth* v. *Novicki*, 324 Mass. 461, 467 (1949). He contends that the evidence presented nothing more than a case of pickpocketing. The ordinary pickpocket is guilty of larceny from the person, rather than robbery, because there is neither violence nor intimidation involved in the perpetration of the theft. Perkins, Criminal Law 282 (2d ed. 1969). The force used to bring about the theft is only that amount of force needed to lift and remove the property and is not of the class of violence essential to robbery. 67 Am. Jur. Robbery § 27 (2d ed. 1973). 77 C.J.S. Robbery § 19 (1952). 8 A.L.R. 359 (1920). Pickpocketing characteristically involves stealth and a lack of awareness of the taking by the victim. LaFave & Scott, Criminal Law § 94 (1972).

The Commonwealth argues that the rule of *Common-wealth* v. *Jones*, 362 Mass. 83 (1972), makes pickpocketing the crime of robbery whenever the victim has an awareness that the pickpocketing is taking place and that, as Lento was aware of the theft at the moment of its commission, the defendant was guilty as charged. We disagree. In the circumstances of a purse snatching, *Jones* held that where the snatching or sudden taking of property from a victim is sufficient to produce awareness, there is sufficient evidence of force to permit a finding of robbery. *Jones* does not, however, stand for the proposition that awareness of the theft constitutes the essential difference between larceny and robbery. See *Commonwealth* v. *Brown*, 2 Mass. App. Ct. 883 (1974). It is the "exertion of force, actual or constructive, [that] remains the principal distinguishing characteristic of the offence." *Common-wealth* v. *Jones, supra* at .86. In Massachusetts prior to *Jones*, and in Kentucky, the jurisdiction from which the *Jones* rule was derived, cases of pickpocketing where the victim became aware of the taking have been treated as larceny from the person. *Commonwealth* v. *Cronan*, 155 Mass. 393 (1892) (victim felt a "tug"). *Commonwealth* v. *Williams*, 161 Mass. 442 (1894) (victim was "jostled").

*Jones* v. *Commonwealth,* 115 Ky. 592 (1903). *Bibb* v. *Commonwealth,* 112 S.W. 401 (Ky. 1908). We decline the Commonwealth's invitation to extend the *Jones* rule to include pickpocketing, even if inartfully performed.

However, upon considering the evidence in the light most favorable to the Commonwealth (*Commonwealth* v. *Kelley,* 370 Mass. 147, 150 [1976]; *Commonwealth* v. *Nichols,* 4 Mass. App. Ct. 606, 612-613 [1976]), we are of the opinion that in the circumstances of this case there was sufficient evidence for the jury to infer that the taking of Lento's money was brought about by "assault and putting in fear." The inferences drawn by the jury "need not be necessary or inescapable, as long as they are reasonable, possible, and not unwarranted because too remote from the ordinary course of events." *Commonwealth* v. *Cohen,* 6 Mass. App. Ct. 653, 658 (1978), and cases cited. There was evidence that Lento and his companions were followed, surrounded, and separated, that Lento did not resist the taking, and that he and his companions left the scene immediately after the thefts. That evidence warranted a finding by the jury that the defendant, and those acting with him, acted in a manner which would be reasonably expected to induce fear and that Lento's group acceded to their separation because of their apprehension of danger. They could also have found that Lento did not resist the taking of his wallet because of fear. Contrast *Commonwealth* v. *Novicki,* 324 Mass. at 465. Although there was a conflict in Lento's testimony before the jury on direct and cross-examination as to when he first felt afraid (see note 2, *supra*), whether his fear arose before the taking or afterwards was a question properly left for the determination of the jury. *Commonwealth* v. *Jones,* 362 Mass. at 89-90.

*Judgment affirmed.*