*848 While Colantonio was making her way, before the purse snatch, Croston was easing the car up the rest of the short driveway and locking the car. Standing at the back of the car and looking over it, Croston saw a man walking diagonally across Webster Street toward the house. She saw him full face, then lost sight of him until she saw his back as he fled down Webster Street.
Cheryl Kiley, tending her flower garden on the opposite side of Webster Street, saw a man run up the stairs, snatch Colantonio’s purse, run down the stairs and turn and run down Webster Street. Kiley had a side view of the man.
Upon testimony to the foregoing effect and further identification evidence from selections of photographs, Zangari was tried to a jury in Superior Court and found guilty of violating G. L. c. 265, § 19(a),[1] unarmed robbery from a person over the age of sixty-five. (Colantonio was eighty-six at the time.)
On the present appeal from the judgment of conviction, Zangari contends that the trial judge erred when he denied motions for a required finding of not guilty because, says Zangari, the force the thief applied in snatching the purse was, as matter of law, insufficient to satisfy the “force and violence” denounced in the statute. Zangari intimates that he could have been found guilty of larceny from the person, G. L. c. 266, § 25(a),[2] where force is not made part of the offense.
Zangari is complaining that the force applied to Colantonio was no more or little more than that used by a pickpocket who is chargeable only with larceny; hence some substantial force should be required to convict of unarmed robbery. The point of our leading case of Commonwealth v. Jones, 362 Mass. 83, 86 (1972), as observed in Commonwealth v. Davis, 1 Mass. App. Ct. 9 (1979), was that “where the snatching or sudden taking of property from a victim is sufficient to produce awareness, there is sufficient evidence of force to permit a finding of robbery.” Id. at 11. See also Commonwealth v. Fielding, 371 Mass. 97, 117 (1976); Commonwealth v. Moran, 387 Mass. 644, 651 (1982); Commonwealth v. Sheppard, 404 Mass. 774, 778 (1989); Commonwealth v. Brown, 2 Mass. App. Ct. 883 (1974); Commonwealth v. Lashway, 36 Mass. App. Ct. 677, 679-680 (1994); Commonwealth v. Ahart, 37 Mass. App. Ct. 565, 570-571 (1994); Nolan & *849 Henry, Criminal Law §§ 285, 291 (2d ed. 1988); 2 LaFave & Scott, Substantive Criminal Law § 8.11(d)(1) (1986). In pickpocketing, which is accomplished by sleight of hand, such evidence is lacking. The difference accounts for the perceived greater severity of the offense of unarmed robbery in contrast with larceny. The Jones rule was firmly adopted in the face of contrary authority in some States that accepted roughly the position urged now by Zangari. It seems that a division continues to the present although, as usual, one can anticipate that a classification of jurisdictions may falter somewhat when the decisions are examined in detail. Cf. An-not., Purse Snatching A Robbery or Theft, 42 A.L.R. 3d 1381 (1972 & Supp. 1996).
Paul M. Koziell for the defendant.
S. Jane Haggerty, Assistant District Attorney, for the Commonwealth.
Zangari also urges on the face of the trial record that defense counsel was “ineffective” within the definition of Commonwealth v. Saferian, 366 Mass. 89, 96 (1974), because he did not ask the judge to charge the jury on the lesser crime of larceny. To fail in proper circumstances to ask for submission to the jury of a lesser offense may indeed be a serious fault. Cf. Commonwealth v. Gelpi, 416 Mass. 729, 730-731 (1994); Commonwealth v. Ahart, 37 Mass. App. Ct. at 570. Here, however, the facts of the case seen in the light of controlling law did not admit of a finding of larceny: it was unarmed robbery or acquittal. See Commonwealth v. Lashway, 36 Mass. App. Ct. at 683. Besides, it would have been tactically awkward for the defense to urge upon the jury a possibility of a verdict of larceny, when the defense had been defending on the grounds of misidentification and alibi.

Judgment affirmed.

 ‘Whoever, not being armed with a dangerous weapon, by force and violence, or by assault and putting in fear, robs, steals or takes from the person of a person sixty-five years or older, or from his immediate control, money or other property which may be the subject of larceny, shall be punished by imprisonment in the state prison for life or for any term of years.” G. L. c. 265, § 19(a), as in effect prior to St. 1995, c. 297, § 8, which substituted sixty years for sixty-five years.

 “Whoever commits larceny by stealing from the person of a person sixty-five years or older shall be punished by imprisonment in the state prison for not more than five years or in jail for not more than two and one-half years.”