**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4388**

———————

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

    v.

ANTONIO TASTE,

           Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  William L. Osteen, Jr., District Judge.  (1:07-cr-00280-WO-1)

———————

Submitted: November 18, 2008      Decided: December 16, 2008

———————

Before TRAXLER, KING, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, III, Federal Public Defender, Gregory Davis, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Winston-Salem, North Carolina, for Appellant.  Angela Hewlett Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

Antonio Taste appeals the 180-month sentence the district court imposed after he pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). Counsel submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1967), averring there are no meritorious issues for appeal, but suggesting this court should consider whether the district court erred by enhancing Taste's sentence, pursuant to 18 U.S.C. § 924(e)(1) (2006), because he had at least three previous convictions for violent felonies. Specifically, Taste was convicted of four counts of breaking or entering in North Carolina state court in 2007 and was convicted of strong arm robbery in South Carolina state court in 1998.

Under § 924(e), a "violent felony" is defined as a crime punishable by imprisonment for a term exceeding one year that is one of several specified offenses, or a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii) (2006). In considering whether the district court properly designated Taste an armed career criminal, we review the district court's legal determinations de novo and its factual findings for clear error. United States v. Wardrick, 350 F.3d 446, 451 (4th Cir. 2003). In determining whether a crime is a violent felony within the meaning of § 924(e), the offense is considered generically in terms of how the law

2

defines the offense and not in terms of how an individual offender might have committed it on a particular occasion. Begay v. United States, 128 S. Ct. 1581, 1584 (2008). In particular, "the phrase 'maximum term of imprisonment . . . prescribed by law' for the 'offense' was not meant to apply to the top sentence in a guidelines range." United States v. Rodriguez, 128 S. Ct. 1783, 1792 (2008).

In United States v. Harp, 406 F.3d 242 (4th Cir. 2005), the defendant argued that one of his Armed Career Criminal Act predicate convictions, a North Carolina Class I felony, did not qualify as "an offense punishable by a term of imprisonment of more than one year" because "the maximum non-aggravated punishment" was twelve months. Harp, 406 F.3d at 245-46. Declining, as in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), to apply an "individualized analysis," we held in Harp that, "to determine whether a conviction is a crime punishable by a prison term exceeding one year, Jones dictates that we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Harp, 406 F.3d at 246.

Taste acknowledges that the maximum sentences that could be imposed upon any defendant for his prior convictions exceed one year. Accordingly, the district court did not err in applying the § 924(e)(1) enhancement.

3

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Taste, in writing, of the right to petition the Supreme Court of the United States for further review. If Taste requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Taste.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>