# United States Court of Appeals
## For the First Circuit

No. 10-1891

UNITED STATES OF AMERICA,

Appellee,

v.

JOHNNY RODRIGUEZ,
a/k/a ROBERTO MELENDEZ, a/k/a EDWIN BERMUDEZQUINONES,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

Before

Lynch, Chief Judge,
Boudin and Thompson, Circuit Judges.

Eduardo Masferrer, by appointment of the court, with whom
Masferrer & Associates, P.C. was on brief for appellant.
Elizabeth L. Prevett, Federal Public Defender Office, on brief
for the Federal Public Defender Office for the Districts of
Massachusetts, New Hampshire and Rhode Island, Amicus Curiae.
Mark T. Quinlivan, Assistant United States Attorney, with whom
Carmen M. Ortiz, United States Attorney, was on brief for appellee.

October 13, 2011

**BOUDIN**, <u>Circuit Judge</u>.  In June 2009, police took Johnny Rodriguez into custody while executing a search warrant at his apartment in Lynn, Massachusetts.  After obtaining a separate warrant to search for illegal drugs and weapons, the police recovered 5 firearms, 398 rounds of ammunition, firearms-related items (including a rifle scope, rifle case, and holsters), 29.4 grams of marijuana, 243.49 grams of cocaine, knotted plastic baggies, and $6,556 cash.

A one-count information in November 2009 alleged that Rodriguez was a felon in possession of a firearm, 18 U.S.C. § 922(g)(1) (2006).  Rodriguez waived indictment and pled guilty to the information.  In June 2010, the district court sentenced Rodriguez to 180 months' imprisonment plus 5 years of supervised release, the minimum permissible under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  Whether the ACCA applied is the question before us.

To be sentenced under the ACCA, Rodriguez had to be convicted of at least three prior violent felonies, serious drug offenses, or a combination thereof.  18 U.S.C. § 924(e)(1).  The Probation Office identified four qualifying ACCA predicates:  (1) a 1995 conviction for arson in New Jersey; (2) a 1998 conviction for possession with intent to distribute controlled substances in Massachusetts; (3) a 1998 conviction for larceny from the person in

Massachusetts; and (4) a 2003 conviction for assault and battery in Massachusetts.

Rodriguez objected at sentencing to application of the ACCA, arguing that his larceny and assault and battery convictions were not qualifying predicates. The district court found that Rodriguez's larceny from the person conviction was a violent felony providing the third required predicate and thus did not address the assault and battery conviction. Our own subsequent holding in United States v. Holloway, 630 F.3d 252, 262 (1st Cir. 2011), made clear that a simple assault and battery conviction under Massachusetts law would not, without more, qualify as an ACCA predicate.

It is a different question whether Massachusetts' crime of larceny from the person, Mass. Gen. Laws ch. 266, § 25(b) (2008), is a "violent felony" that qualifies as an ACCA predicate, 18 U.S.C. § 924(e)(2)(B). The ACCA defines a "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that --
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).

The use of physical force is not an element of the offense. Commonwealth v. Jones, 283 N.E.2d 840, 843 (Mass. 1972) (robbery's additional element of "the exertion of force . . . remains the principal distinguishing characteristic" from larceny). But the government contends, and we agree, that under ACCA's so-called residual clause, the offense "presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

United States v. De Jesus, 984 F.2d 21, 25 (1st Cir. 1993), earlier held that Massachusetts' crime of larceny from the person is a "crime of violence" under the residual clause of U.S.S.G. § 4B1.2(a)(2).[1] Because larceny from the person "requires theft from either the victim's person or the victim's immediate vicinity," De Jesus concluded that "a sufficiently serious potential for confrontation and physical injury invariably exists" such that larceny from the person qualifies as a crime of violence. De Jesus, 984 F.2d at 24.

The panel compared the degree of risk posed by larceny from the person to that of the "closest analog among the enumerated offenses" so designated--namely, burglary. James v. United States, 550 U.S. 192, 203 (2007). And, noting that burglary might involve an unarmed burglar breaking and entering an abandoned warehouse,

---

[1]The "terms 'crime of violence' and 'violent felony' are nearly identical in meaning," and "decisions construing one term inform the construction of the other." Holloway, 630 F.3d at 254 n.1.

"we fail[ed] to see how larceny from the person that necessarily involves theft from within the victim's immediate presence can be thought to pose a significantly lesser risk of violent eruption." De Jesus, 984 F.2d at 24-25.

De Jesus rests on sound reasoning and represents an uncontroversial view among the circuits.[2] As the burglary example indicates, the test is whether a substantial risk of violence is present, not a certainty. James, 550 U.S. at 208. And De Jesus governs this panel as a matter of general practice unless its authority has been impaired between its issuance and the present appeal. United States v. Rodríguez, 527 F.3d 221, 224-25 (1st Cir. 2008).

Rodriguez relies on Begay v. United States, 553 U.S. 137 (2008). There, ruling out driving while intoxicated as a violent felony, the Supreme Court relied on the quality of the crime as to scienter, finding that New Mexico's DUI offense lacked the "purposeful, violent, and aggressive conduct" typically involved in the enumerated offenses. Begay, 553 U.S. at 144-45 (modifications omitted). Marking the limits of Begay, Sykes v. United States, 131

---

[2]See, e.g., United States v. Abari, 638 F.3d 847, 848-51 (8th Cir. 2011), cert. denied, 2011 WL 4536028 (Oct. 3, 2011); United States v. Alderman, 601 F.3d 949, 953 (9th Cir. 2010); United States v. Jarmon, 596 F.3d 228, 233 (4th Cir.), cert. denied, 131 S. Ct. 145 (2010); United States v. Patillar, 595 F.3d 1138, 1140 (10th Cir.), cert. denied, 130 S. Ct. 3464 (2010); United States v. Thrower, 584 F.3d 70, 75 (2d Cir. 2009), cert. denied, 131 S. Ct. 176 (2010).

S. Ct. 2267, 2270 (2011), then found to be a violent felony Indiana's offense of intentional vehicular flight, Ind. Code § 35-44-3-3 (2004), stressing intentionality--which is equally present here.

According to Sykes, Begay's "purposeful, violent, and aggressive formulation will be redundant with the inquiry into risk" when the felony at issue "is not a strict liability, negligence, or recklessness crime." Sykes, 131 S. Ct. at 2275-76. Where the prior felony has a "stringent mens rea requirement," id. at 2275--as is the case here, Commonwealth v. Johnson, 396 N.E.2d 974, 977 (Mass. 1979)--Begay provides no shelter. Nor does its quoted language establish a minimum quantitative risk test, which would arguably not be met even by burglary.

Rodriguez and amicus Federal Public Defender say that Commonwealth v. Jones, 283 N.E.2d 840, shows that where the victim is aware of the theft--creating a clear potential for confrontation--the crime is deemed a robbery under Massachusetts law. At least one Massachusetts court observed that larceny "characteristically involves stealth and a lack of awareness of the taking by the victim." Commonwealth v. Davis, 385 N.E.2d 278, 279 (Mass. App. Ct. 1979).

But the "principal distinguishing characteristic" of robbery under Massachusetts law is force. Davis, 385 N.E.2d at 279 (quoting Jones, 283 N.E.2d at 843). Thus a defendant could easily

steal from an aware victim and be liable only for larceny, while in other cases robbery might be the more suitable charge. And, putting aside these fine distinctions, a defendant not aware at the moment of the taking could quickly become aware and an altercation follow. Treating Massachusetts larceny as a category, the potential for violence is no less than burglary and arguably more.

Finally, Jones and Davis predate De Jesus. Rodriguez cites Commonwealth v. Zangari, 677 N.E.2d 702 (Mass. App. Ct. 1997), to provide a case postdating De Jesus. But Zangari merely restates the rule set out in Jones, which, as we have just explained, Rodriguez over-reads to support his position. The state-law argument is not supervening authority nor, in considering the argument on the merits, do we think it undermines De Jesus.

Affirmed.