**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

Nos. 11-2020
     11-2071

UNITED STATES,

Appellee, Cross-Appellant,

v.

ANTHONY OLIVEIRA,

Defendant, Appellant/Cross-Appellee.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nancy Gertner, U.S. District Judge]

Before

Lynch, Chief Judge,
Howard and Thompson, Circuit Judges.

John H. Cunha, Jr., Charles Allen Hope, Jaime J. Zambrana and Cunha & Holcomb, P.C. on brief for appellant.
     Mark T. Quinlivan, Assistant U.S. Attorney, and Carmen M. Ortiz, United States Attorney on brief for appellee.

October 3, 2012

**Per Curiam**.  The government has appealed from the 100-month sentence imposed upon Anthony Oliveira following his guilty plea to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).  We agree with the government that, in view of this court's recent decision in United States v. Rodriguez, 659 F.3d 117 (1st Cir. 2011), which issued after Oliveira was sentenced, the district court erred in its determination that Oliveira's Massachusetts convictions of larceny from a person did not qualify as "crimes of violence" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  We also agree with the government and the district court that Oliveira's Massachusetts conviction of resisting arrest qualifies as a third ACCA predicate.[1]  Therefore, we vacate the sentence and remand for Oliveira to be resentenced under the ACCA.

The government identified four prior Massachusetts convictions which it maintained qualified as predicates under the ACCA's residual clause: two convictions of larceny from a person, one conviction of resisting arrest, and one conviction of assault and battery on a prison guard.  Oliveira challenged the use of any

_____

[1] Because only three predicates are required, it is unnecessary to address Oliveira's argument that his conviction of assault and battery on a prison guard did not qualify as an ACCA predicate, an issue which the district court did not reach. However, we note that we recently held that a Massachusetts conviction for assault and battery on a correctional officer qualifies categorically as a crime of violence under U.S.S.G. § 2K2.1(a)(2). See United States v. Jonas, 689 F.3d 83, 89 (1st Cir. 2012).

-2-

of those convictions as ACCA predicates on the ground that they did not qualify as "violent felonies" under the ACCA's residual clause. The district court agreed that the Massachusetts offense of larceny from a person did not qualify. See United States v. Oliveira, 798 F.Supp.2d 319, 330-333 (D.Mass. 2011).

After Oliveira was sentenced, and while this appeal was pending, we ruled in Rodriguez, supra, that the Massachusetts offense of larceny from a person qualifies as a "violent felony" under the ACCA's residual clause, reaffirming our earlier holding in United States v. DeJesus, 984 F.2d 21, 25 (1st Cir. 1993), that the offense was a "crime of violence" under the residual clause of U.S.S.G. § 4B1.2(a)(2). See Rodriguez, 659 F.3d at 119-120. Oliveira does not dispute that Rodriguez applies to his case, but he argues instead that it was wrongly decided. We are precluded from considering that argument by the law of the circuit doctrine under which we are "bound by a prior panel decision, absent any intervening authority." United States v. Grupee, 682 F.3d 143, 149 (1st Cir. 2012).

The law of the circuit doctrine also forecloses Oliveira's other challenges to being sentenced as a career criminal. We recently reaffirmed our holding in United States v. Almenas, 553 F.3d 27, 32-35 (1st Cir. 2009) and United States v. Weekes, 611 F.3d 68, 72-73 (1st Cir. 2010), that a Massachusetts conviction for resisting arrest qualifies as a "crime of violence"

under the Guidelines.  See Grupee, 682 F.3d at 149.  We declined to consider Grupee's contention that Almenas erred in applying the test under Begay v. United States, 553 U.S. 137 (2008), "owing to the law of the circuit doctrine."  Id.  Oliveira has failed to identify any supervening authority that would bring his case within an exception to the law of the circuit doctrine.

Similarly, Oliveira's constitutional challenge to the residual clause is foreclosed by our decision in United States v. Hart, 674 F.3d 33, 41 n.3 (1st Cir. 2012) (rejecting argument that residual clause is unconstitutionally vague).

The sentence is vacated and the case is remanded for resentencing in accordance with this opinion.