Certiorari granted by Supreme Court, June 30, 2015
Vacated and Remanded by Supreme Court, June 30, 2015

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4649**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

ANTONIO TASTE,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:07-cr-00280-WO-1)

_____

Submitted:  January 29, 2015          Decided:  March 4, 2015

_____

Before NIEMEYER, FLOYD, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Steven A. Feldman, FELDMAN and FELDMAN, Uniondale, New York, for Appellant.  Ripley Rand, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Taste pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2012), and was sentenced to 180 months' imprisonment, the mandatory minimum penalty under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2012). On appeal, counsel submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious issues for appeal, but suggesting that this court consider whether the district court erred in designating Taste an armed career criminal. Applying United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005), this court rejected counsel's argument and affirmed the judgment. United States v. Taste, 303 F. App'x 149 (4th Cir. 2008) (No. 08-4388).

In July 2012, Taste filed a 28 U.S.C. § 2255 (2012) motion, arguing that his four North Carolina breaking and entering convictions could no longer be considered violent felonies for purposes of the ACCA in light of our decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). The Government responded that, while Taste may be entitled to resentencing, he had numerous other violent felonies and/or serious drug offenses that would still render him an armed career criminal subject to a mandatory minimum 180-month sentence. Although the Government posited that the enhanced ACCA sentence was still appropriate, relying in part on Taste's

2

three Massachusetts "larceny from the person" convictions, it agreed to resentencing in light of Simmons.[1]  Accordingly, the district court, accepting the magistrate judge's recommendation, granted the § 2255 motion as to Taste's Simmons claim, vacated the judgment, and ordered resentencing.

At resentencing in July 2014, the district court concluded that Taste's prior Massachusetts convictions for larceny from the person were violent felonies for purposes of the ACCA, and again applied the enhanced sentence of 180 months' imprisonment.  The district court imposed the same conditions of supervised release as it did at the first sentencing, including the following special condition:

> The defendant shall submit to substance abuse testing, at any time, as directed by the probation officer. The defendant shall cooperatively participate in a substance abuse treatment program, which may include drug testing and inpatient or residential treatment. . . .

On appeal, Taste first alleges that the district court's special condition that he "submit to substance abuse testing at any time as directed by the probation officer" constitutes an improper delegation of judicial function to the probation officer.  Specifically, he maintains that the district

---

[1] As part of this concession, the Government further affirmatively waived any statute of limitations defense that might otherwise apply.

3

court erred in authorizing the probation department to conduct substance abuse testing at any time during his term of supervision, without issuing a schedule or setting a limitation on the number of tests per year. Taste concedes that this claim is reviewed for plain error because he did not object below.[2]

To establish plain error, Taste must demonstrate that the district court erred, the error was plain, and the error affected his substantial rights. Henderson v. United States, 133 S. Ct. 1121, 1126 (2013). If these requirements are met, the court will exercise its discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 1126-27 (internal quotation marks and alterations omitted).

We conclude that the district court did not err in imposing the special condition. See United States v. Carpenter, 702 F.3d 882, 884-885 (6th Cir. 2012) (holding that when "the

---

[2] The Government argues that Taste's challenge to the special condition, which was also imposed in the original judgment, is barred because he could have raised it in his initial appeal but failed to do so. Under the circumstances of this case, where a resentencing hearing was held, we conclude otherwise. See 28 U.S.C. § 2255(b) (2012) ("[T]he court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."); see also United States v. Haynes, 764 F.3d 1304, 1310 (11th Cir. 2014) ("[A] resentencing court has the discretion to limit resentencing to the 'appropriate' relief granted in the order to vacate, set aside, or correct the prisoner's sentence.").

district court imposed drug testing in connection with a special condition of substance abuse program participation . . . [it] was . . . not required to specify the number of drug tests [a defendant] must undergo as a part of the treatment program."). Even assuming error, any improper delegation did not affect Taste's substantial rights. See United States v. Maciel-Vaquez, 458 F.3d 994, 996 (9th Cir. 2006) (holding any improper delegation did not rise to level of plain error); United States v. Padilla, 415 F.3d 211, 219-20 (1st Cir. 2005) (holding district court's erroneous delegation of authority to probation officer to determine maximum number of drug tests to be administered was not structural error and therefore did not constitute plain error).

Next, Taste argues the district court erred in designating him an armed career criminal based in part on his Massachusetts convictions for larceny from the person. We review de novo a district court's determination of whether prior offenses qualify as violent felonies for purposes of the ACCA. United States v. Hemingway, 734 F.3d 323, 331 (4th Cir. 2013). In considering whether the district court properly designated Taste an armed career criminal, we review the sentencing court's legal conclusions de novo and its factual findings for clear error. United States v. McDowell, 745 F.3d 115, 120 (4th Cir.

2014), <u>cert. denied</u>, ___ S. Ct. ___, 2015 WL 132957 (Jan. 12, 2015).

A defendant is an armed career criminal when he violates 18 U.S.C. § 922(g)(1) and has three prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). Because a Massachusetts conviction for larceny from the person constitutes a violent felony for purposes of the ACCA, we reject this argument. <u>See</u> <u>United States v. Rodriguez</u>, 659 F.3d 117, 118-20 (1st Cir. 2011) (holding Massachusetts conviction for larceny from the person constitutes violent felony under the residual clause of the ACCA); <u>United States v. DeJesus</u>, 984 F.2d 21, 25 (1st Cir. 1993) (larceny from the person as defined under Massachusetts law constitutes a crime of violence); <u>see also</u> <u>United States v. Jarmon</u>, 596 F.3d 228, 230–33 (4th Cir. 2010) (holding that North Carolina crime of larceny from the person was a crime of violence under the residual clause of the career offender guideline).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

6