**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4649**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

ANTONIO TASTE,

               Defendant - Appellant.

On Remand from the Supreme Court of the United States.
(S. Ct. No. 14-8848)

Submitted: November 12, 2015     Decided: December 30, 2015

Before NIEMEYER, FLOYD, and THACKER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Steven A. Feldman, FELDMAN and FELDMAN, Uniondale, New York, for Appellant. Ripley Rand, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Taste pled guilty, pursuant to a written plea agreement, to possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2012). He was sentenced under the Armed Career Criminal Act (ACCA) to 180 months in prison. After an unsuccessful direct appeal, Taste filed a 28 U.S.C. § 2255 (2012) motion, arguing that his four North Carolina breaking and entering convictions could no longer be considered violent felonies in light of our decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Although the Government posited that the enhanced ACCA sentence was still appropriate, relying in part on Taste's three Massachusetts larceny from the person convictions, it agreed to resentencing in light of Simmons. At resentencing, the district court concluded that Taste's prior Massachusetts convictions for larceny from the person were violent felonies for purposes of the ACCA, and again applied the enhanced mandatory minimum sentence of 180 months' imprisonment.

On appeal, Taste claimed, in relevant part, that the district court erred in designating him an armed career criminal based on its finding that the Massachusetts crime of larceny from the person constitutes a "violent felony" for ACCA purposes. Relying on United States v. Jarmon, 596 F.3d 228, 230–33 (4th Cir. 2010) (holding that the North Carolina crime of

2

larceny from the person was a crime of violence under the residual clause of the career offender guideline), we affirmed the judgment. See United States v. Taste, 603 F. App'x 139 (4th Cir. 2015) (No. 14-4649).

On June 30, 2015, the Supreme Court granted Taste's petition for a writ of certiorari, vacated the judgment, and remanded to this court for further consideration in light of Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court held that the residual clause of the ACCA—the final clause of § 924(e)(2)(B)(ii) (2012)—is unconstitutionally vague. 135 S. Ct. at 2557 ("[T]he indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law.").

Taste now argues—and the Government appropriately concedes—that, under Johnson, Taste's larceny convictions no longer support his ACCA sentence. Without these convictions, Taste does not have three predicate offenses to qualify him as an armed career criminal. Accordingly, we vacate the judgment and remand the case to the district court for resentencing. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

                                            VACATED AND REMANDED