Krupp, Peter B., J.
Facing firearms and ammunition charges, defendant Lovell Robinson-Stewart moves pursuant to Commonwealth u. McCarthy, 385 Mass. 160 (1982), to dismiss the portions of the indictments that charge a sentencing enhancement under the Massachusetts armed career criminal act (“ACCA”), G.L.c. 269, §10G.[1] He argues the Commonwealth failed to introduce sufficient evidence for the grand jury to conclude his prior convictions for assault and battery and for unarmed robbery constituted ACCA predicates. For the following reasons, the motion is ALLOWED.
BACKGROUND
After the grand jury voted to indict defendant for unlawfully possessing firearms and ammunition on *392 November 11, 2015, the Commonwealth presented evidence to the grand jury that defendant had the following two prior convictions: (1) a conviction on November 24, 2010 in the South Boston Division of the Boston Municipal Court for assault and battery; and (2) a conviction on June 3, 2011 in Suffolk Superior Court for unarmed robbery. With respect to the assault and battery conviction, the Commonwealth presented testimony that on January 29, 2010 defendant “grabbled] the collar of the victim,” “deliberately prevent[ing] that victim from pursuing individuals that had just robbed the victim on that day.” The grand jury heard no additional information or evidence about the unarmed robbery conviction. The Commonwealth did not introduce a police report, plea colloquy, trial transcript, or stipulation of facts regarding either of the prior convictions.
Defendant moves to dismiss the ACCA enhancement. He argues the Commonwealth failed to present evidence that the assault and battery was of a “violent,” and not simply an “offensive,” character; and failed to present evidence that the crime of unarmed robbery was committed in a manner so as to constitute a “violent crime” within the meaning of the ACCA.
DISCUSSION
I. The Armed Career Criminal Act
The ACCA provides a staircase of mandatory minimum and maximum punishments for certain weapons-related offenses depending on the offender’s prior criminal record.[2] A defendant convicted of a first offense of unlawful possession of a firearm under G.L.c. 269, §10(h), faces a maximum penalty of two years in the house of correction (“HOC”) and no mandatory minimum sentence. See G.L.c. 269, §10(h). The same offense committed after a person incurs two prior convictions for “a violent crime” or “a serious drug offense” (“an ACCA-predicate conviction”), or one of each, carries a 10-year mandatory minimum and up to 15 years in state prison (“SP”). The following chart outlines the penalties provided under the applicable statutes, including the ACCA, for a violation of G.L.c. 269, §10(h):
[[Image here]]
See G.L.c. 269, §§ 10(h) and 10G(a)-(c).[3]
As is relevant here, the phrase “violent crime” is defined as “any crime punishable by imprisonment for a term exceeding one year . . . that: (i) has as an element the use, attempted use or threatened use of physical force . . . against the person of another; (ii) is burglary, extortion, arson or kidnapping; (iii) involves the use of explosives; or (iv) otherwise involves conduct that presents a serious risk of physical injury to another.” G.L.c. 140, §121. See G.L.c. 269, §0G(e). Only the first clause of this definition is in play in this case.[4] To qualify as a prior conviction for a violent crime under the first clause, “the relevant crime must include, as an element,” the use, or attempted or threatened use, of “violent or substantial force capable of causing pain or injury.” Commonwealth v. Colon (“Colon"), 81 Mass.App.Ct. 8, 18 (2011).[5] See also Johnson v. United States, 559 U.S. 133, 140 (2010) (construing the elements clause of the definition of “violent felony” in the federal ACCA, 18 U.S.C. §924(e)(2)(B)(i), to require the use, or attempted or threatened use, of “violent force—that is, force capable of causing physical pain or injury to another person” (emphasis in original)).
The Supreme Judicial Court has taken a modified categorical approach to determining whether a prior conviction meets the definition of “violent crime.” Commonwealth v. Eberhart, 461 Mass. 809, 815 (2012). If all violations of a criminal statute meet the definition of “violent crime,” the issue is clear and a conviction for a violation of that particular statute will constitute an ACCA-predicate conviction. Colon, 81 Mass.App.Ct. at 15-16. In such a situation, “acertified record of conviction referencing [the] particular statute” will be sufficient to prove the defendant was convicted of a violent crime. Eberhart, 461 Mass. at 817. Where, however, the crime “encompasses several offenses at least one of which is not a ‘violent crime,’ then . . . additional evidence” that the conviction was for a “violent crime” is required. Colon, 81 Mass.App.Ct. at 16-17 (emphasis in original). This does not involve relitigation of the prior conviction. Rather, “the Commonwealth need only prove which statutory or common-law definitionw&s the basis of the prior conviction.” Id. at 16, n.8 (emphasis in original).
The Commonwealth does not dispute that the ACCA sentencing enhancement must be submitted to and found by the grand jury. See generally Commonwealth v. Miranda, 441 Mass. 783, 788 (2004) (approving amendment of indictment because “it did not alter the nature of the charges or the jeopardy the defendant faced’ (emphasis added)); Bynum v. Commonwealth, 429 Mass. 705 (1999). In evaluating a McCarthy motion in this context, I must look to the evidence presented to the grand jury to determine if it allows the grand jury to find probable cause to believe defendant committed the “violent crime” predicates necessary to justify the ACCA enhancement. McCarthy, 385 Mass. at 163. “Probable cause to sustain an indictment is a decidedly low standard.” Commonwealth v. Hanright, 466 Mass. 303, 311 (2013), citing Commonwealth v. Moran, 453 Mass. 880, 883-84 (2009), and Commonwealth v. Hason, 387 Mass. 169, 174 (1982). The evidence presented to the grand jury must, however, consist of “reasonably trustworthy information . . . sufficient to warrant a prudent man in believing,” Hanright, 466 Mass, at 311-12, quoting Commonwealth v. Stevens, 362 Mass. 24, 26 (1972), defendant had been convicted of a “violent crime.” I now address *393 each of defendant’s two convictions presented before the grand jury as ACCA predicates.
A. Assault and Battery
Assault and battery under G.L.c. 265, §13A “encompasses three common-law crimes: harmful battery, reckless battery, and offensive battery.” Eberhart, 461 Mass, at 818. As the Supreme Judicial Court has summarized:
Harmful battery is “[a]ny touching ‘with such violence that bodily harm is likely to result’ Reckless battery is a “willful, wanton and reckless act which results in personal injury to another.”... Offensive battery occurs when “the defendant, without justification or excuse, intentionally touched the victim, and . . . the touching, however slight, occurred without the victim’s consent.” . . . “The affront to the victim’s personal integrity is what makes the touching offensive.”
Id. (citations omitted). See also Commonwealth v. Beal, 474 Mass. 341, 351-52 (2016). Of the three crimes included within the statute proscribing assault and battery, “harmful battery and reckless battery are ‘violent crimes,’ but offensive battery is not.” Eberhart, 461 Mass. at 819.
In connection with the motion before me, the question is what additional evidence is necessary to put sufficient information before the grand jury to demonstrate that a conviction for assault and battery was either for the offense of “harmful battery” or for “reckless battery.” In Eberhart, for example, the Court found that the trial testimony of the arresting officer that the defendant was charged with “(a)ssault and battery domestic and intimidation of a witness” was not sufficient to prove beyond a reasonable doubt that the prior conviction was based on “harmful or reckless battery.” Id. at 820.
Here, in addition to the fact that the conviction was for assault and battery, the grand jury was only told that it occurred when the defendant “grabb[ed] the collar of the victim” and “deliberately prevented that victim from pursuing individuals that had just robbed the victim on that day.” This additional information is not sufficient to demonstrate a touching with such violence that bodily harm is likely to result (i.e. a “harmful battery”) or that resulted in personal injury (i.e. a “reckless battery”). There are many ways in which grabbing another’s collar is only the most minimal touching, and still may be sufficient to prevent a person from pursuing a fleeing robber. See, e.g., Parreira v. Commonwealth, 462 Mass. 667, 672 (2012) (physically moving person to another room was offensive battery); Commonwealth v. Travis, 408 Mass. 1, 8 (1990) (“(o)ffensive physical contact, such as a push or a binding of hands, undertaken without consent, constitutes a battery”); Commonwealth v. Sheridan, 40 Mass.App.Ct. 700, 701 n.1 (1996) (“defendant’s grabbing of the victim’s shirt with his hands” charged as “offensive touching”).[6] There was no evidence presented before the grand jury to suggest that defendant was acting in concert with the robber or did anything to the victim other than grab hold of his collar. On these facts, no reasonable grand jury could find probable cause to believe that a harmful or reckless battery had occurred. The only other type of assault and battery (i.e. an “offensive battery”) does not constitute a “violent crime” under the ACCA.[7]
B. Unarmed Robbery
Unarmed robbery in violation of G.L.c. 265, §19 occurs when a person “not being armed with a dangerous weapon, by force and violence, or by assault and putting in fear, robs, steals or takes from the person of another, or from his immediate control, money or other property which may be the subject of larceny.” Under this statute, the “force and violence” element does not require any particular severity. As the Supreme Judicial Court described in affirming an unarmed robbery conviction involving a purse snatching in Commonwealth v. Jones, 362 Mass. 83, 87-89 (1972), “the degree of force” required for unarmed robbery “is immaterial as long as it is sufficient to obtain the victim’s properly ‘against his will.’ ” See also Commonwealth v. Zangari, 42 Mass.App.Ct. 931, 932 (1997) (although defendant argued the force applied to the victim “was no more or little more than that used by a pickpocket” and that “some substantial force should be required to convict of unarmed robbery,” conviction affirmed because “where the snatching or sudden taking of properly from a victim is sufficient to produce awareness, there is sufficient evidence of force to permit a finding of robbery” (emphasis added; quotations omitted)); Commonwealth v. Jones, 12 Mass.App.Ct. 489, 491 (1981) (“The particular type of force, actual or constructive, by which the robbery is committed is not an essential element of the crime”); Commonwealth v. Brown, 2 Mass.App.Ct. 883, 884 (1974) (pulling purse from victim’s hand constitutes sufficient “force and violence”).
Force that is “sufficient to produce awareness” in the victim, and that will support a conviction for unarmed robbery, Zangari, 42 Mass.App.Ct. at 932, quoting Commonwealth v. Davis, 7 Mass.App.Ct. 9, 11 (1979), may be considerably less than the “violent or substantial force capable of causing pain or injury” that is required for a “violent crime” under the ACCA. Colon, 81 Mass.App.Ct. at 18. Accord United States v. Parnell, 818 F.3d 974, 978-82 (9th Cir. 2016) (armed robbery under G.L.c. 265, §17, not “violent felony” under federal ACCA). Cf. United States v. Rodriguez, 659 F.3d 117, 118-19 (1st Cir. 2011) (larceny from a person under G.L.c. 266, §25(b) is a “violent felony” only under the federal ACCA’s “so-called residual clause”).[8] Here the Commonwealth provided the grand jury no facts indicating defendant’s June 2011 unarmed robbery conviction was for the violent form of the crime. From the Commonwealth’s simple presen *394 tation of the name of the offense—"unarmed robbery"—the grand jury could not discern whether it was committed “by assault and putting” the victim “in fear,” or whether it was committed “by force and violence,” as that phrase has been defined in the case law. Accordingly, the grand jury had no basis from which to conclude that defendant’s unarmed robbery conviction was for a “violent crime” under the ACCA.
ORDER
Defendant’s (Revised) Motion to Dismiss Armed Career Criminal II is ALLOWED. So much of Indictments 001 and 002 as charges the application of a sentencing enhancement under the ACCA is dismissed.

 Defendant faces two counts (001 and 002) of unlawful possession of a firearm in violation of G.L.c. 269, §10(h), each enhanced under the ACCA; and three counts (003, 004 and 005) of unlawful possession of ammunition in violation of the same statute.

 While the phrase “mandatory minimum” is used in common parlance, the prescribed sentence is not in fact mandatory. The prosecution may, in its discretion, set aside the “mandatory minimum” penalty by reducing the charge in its discretion, often in exchange for a guilty plea. Usually this procedure permits the prosecutor to select a sentence for the defendant below the otherwise applicable minimum with the defendant’s agreement, and can effectively bind the court. See Mass.R.Crim.P. 12(d). Cloaked in the rhetoric of “prompt acceptance of responsibility,” “saving prosecutorial and judicial resources,” and “avoiding an unnecessary trial,” mandatory minimum sentences are set aside every day as the product of plea bargaining or charge bargaining, to resolve vulnerable cases, or because of a prosecutorial recognition that the legislated minimum is too harsh generally or in a particular case. The ability to negotiate to set aside a mandatory minimum also provides an incentive to even an innocent defendant to enter a guilty plea rather than take his chances at trial and face a substantially longer punishment if convicted.

 Why these step increases are neither linear nor exponential, and whether they are based upon replicable studies or a thoughtful evaluation of the need for and efficacy of the particular mandatory minimum penalties to serve the functions of deterrence, incapacitation, punishment or rehabilitation depending on, for example, whether the defendant has one or two ACCA-predicate convictions, is beyond the scope of this opinion. But see Commonwealth v. Richardson, 469 Mass. 248, 252 (2014) (“The Legislature has broad power to define crimes, and to create punishments for them” (quotation omitted)).

 defendant’s prior convictions do not involve the offenses enumerated in subsections (ii) and (iii); and the Supreme Judicial Court recently struck down subsection (iv), the residual clause, as “unconstitutionally vague.” Commonwealth v. Beal, 474 Mass. 341, 351 (2016).

 dhe reasoning in Colon was adopted by the Supreme Judicial Court in Commonwealth v. Eberhart, 461 Mass. 809, 811 (2012).

 In a Rule 1:28 decision, an Appeals Court panel noted that where a jury convicted the defendant of two counts of assault and battery—one for grabbing the victim by the neck and one for grabbing the victim’s shirt and necklace—the defense acknowledged “the trial evidence was sufficient to sustain a conviction for either harmful or offensive assault and battery.” Commonwealth v. Davis, 83 Mass.App.Ct. 1108, 2013 WL 273297 at *1 (Jan. 25, 2013).

 The Commonwealth argues that “[t]he only requirement is that the defendant used physical force, which is evident when he grabs the victim’s collar in the predicate offense.” See Commonwealth’s Opposition to the Defendant’s Motions to Dismiss on McCarthy and O’Dell Grounds at 6 (Jim. 2, 2016). The law is otherwise. Physical force must be used or threatened if a prior conviction is to serve as an ACCA predicate, but it must be of such a degree that it is “capable of causing pain or injury.” Commonwealth v. Colon, 81 Mass.App.Ct. at 18. There was nothing before the grand jury to indicate that the victim was, for example, running after the robber or even in motion when defendant grabbed his collar, or that he was jerked backwards or choked by defendant’s actions. The grand jury could not fairly infer from the small bit of additional information offered by the Commonwealth that the assault and battery was conducted “with such violence that bodily harm [wa]s likely to result.” Eberhart, 461 Mass. at 818, quoting Commonwealth v. Burke, 390 Mass. 480, 482 (1993).

 The federal ACCA’s “residual clause,” 18 U.S.C. §924(e)(2)(B)(ii), was found to be unconstitutionally vague in Johnson v. United States, 135 S.Ct. 2551, 2563 (2015).